[No. 6,302.]

## ESTATE OF BURNS.

ESTATES OF DECEASED PERSONS — HOMESTEAD — APPEAL. — An order setting apart a homestead to the widow of deceased, is an appealable order, and cannot be reviewed on an appeal from a subsequent order.

| 54 | 223 |
|----|-----|
| 81 | 580 |
| 81 | 581 |
| 54 | 223 |
| 82 | 10 |
| 54 | 223 |
| 95 | 672 |

APPEAL from an order refusing to compel the administratrix to render a final account, in the Probate Court of the City and County of San Francisco. MYRICK, J.

The petition of the appellant sets forth, among other things, that the deceased left a widow, (the administratrix) but no children, surviving him; that the tract of land referred to in the opinion was the separate property of the deceased, and for a long time prior to the death of the deceased had been rented as a stone-yard; and that there has never been any dwelling-house or other building upon it; and that neither the intestate nor his wife ever lived upon it.

The bill of exceptions states, that on the 26th day of January, 1877, the land referred to was set aside as a homestead to the widow; that on the 11th day of September, 1877, the administratrix filed a final account and report of her administra-

tion, and at the same time filed a petition for distribution; that the account was settled, from which it appeared that she had in her hands $1,880.33 belonging to the estate; and that it was thereupon ordered, that the sum of $1,800 be distributed among the heirs: that upon the petition of appellants for a final account coming on to be heard, the Court informed the counsel for the petitioners that no further account would be ordered, unless it was shown that some other property of the estate had come into the hands of the administratrix, not accounted for in her previous account; and that thereupon, the counsel for petitioners moved the Court to require the administratrix to file a final account, embracing the balance of the money and personal property of said estate, and the said vacant lot of land, on the ground that the said lot was improperly set aside as a homestead to the administratrix, and that the Court had no jurisdiction to set aside said lot as a homestead, it not being such property as is contemplated in the Constitution and laws of California as a homestead—which motion was overruled, on the ground that said lot had been set aside as a homestead, and thus removed from administration, and that the former account of the administratrix embraced all the matters for which she had to account. The other facts are stated in the opinion.

*Stetson & Houghton, Robert Thompson,* and *F. A. Berlin,* for Appellants.

It does not appear, from the petition of the widow, that the lot was of such a character as to constitute a homestead. The Probate Court had no jurisdiction to set aside to the widow real estate which is not a homestead under the Constitution and laws of California. The homestead character must be impressed upon the land—actual residence is necessary. (Constitution, § 15, art. 11; Code Civ. Proc. § 1465; *Prescott* v. *Prescott,* 45 Cal. 58; *Gregg* v. *Bostwick,* 33 Id. 220; *Mann* v. *Rogers,* 35 Id. 316; *Spencer* v. *Geissman,* 37 Id. 96; *Benedict* v. *Bunnell,* 7 Id. 245; *Holden* v. *Pinney,* 6 Id. 234; *Estate of Delaney,* 37 Id. 176.) It seems that this point was directly decided in the *Mat-*

ter of the *Estate of Baldwin*, No. 6246, where the widow was denied a homestead out of property not impressed with the homestead character by use. The petition of the widow for a homestead should have set forth all of the jurisdictional facts necessary to justify the order granting the homestead. (*Gregory* v. *McPherson*, 13 Cal. 562; *Gregory* v. *Taber*, 19 Id. 397; *Forbes* v. *Hyde*, 31 Id. 342; *Stuart* v. *Allen*, 16 Id. 473; *Clark* v. *Perry*, 5 Id. 60.) The jurisdiction of the Court depended upon the sufficiency of the averment. (*Fitch* v. *Miller*, 20 Cal. 352.) If want of jurisdiction appears on the face of the record, the judgment is void, and may be attacked in a collateral proceeding. (*Forbes* v. *Hyde*, 31 Cal. 342; *McMinn* v. *Whelan*, 27 Id. 300; *Hahn* v. *Kelly*, 34 Id. 31; *Whitwell* v. *Barbier*, 7 Id. 54.) The petition does not allege that she had not selected a homestead prior to the death of her husband (Code Civ. Proc. § 1405); nor that the decedent was living upon the property before his death (*Estate of Wixom*, 35 Cal. 320); nor that the property was a homestead at the time of decedent's death (*Estate of Delaney*, 37 Id. 176); nor that the widow was residing upon the property at the time of filing her application (Code Civ. Proc. § 1263; *Prescott* v. *Prescott*, 45 Cal. 58); nor whether the land was separate or community property; nor that the petitioner was a head of a family.

*M. C. Hassett*, for Respondent.

The order refusing to compel the administratrix to file an account, is not an appealable order, and cannot be reviewed on appeal from the order denying a new trial, or otherwise. (Code Civ. Proc. § 969. When the decree setting aside the homestead was made, the land ceased to be part of the assets of the estate. (*Estate of Orr*, 29 Cal. 101.) On this appeal, the order setting aside the homestead cannot be reviewed. (Code Civ. Proc. §§ 969, 1715.) The decree of distribution shows that all the personal property has been accounted for, and that no property of the estate now remains in the hands of the administratrix. Indeed, counsel for appellants do not claim to be injured, except by the refusal to set aside the homestead.

Department No. 2, MORRISON, C. J.:

The transcript on appeal shows that Bernard Burns departed this life, intestate, in the City and County of San Francisco, on the 8th day of December, 1876, leaving real estate situate in said city and county. That on the 22nd day of December of the same year, letters of administration were duly issued to Lizzie Burns, the widow of said deceased, by the Probate Court of the City and County of San Francisco, and administration of said estate was duly had in said Probate Court. That on the 19th day of January, 1877, Lizzie Burns presented her petition to said Court, setting forth that the deceased, Bernard Burns, had not selected and recorded a homestead upon his real estate during his lifetime; that on the 12th day of January, 1877, an inventory and appraisement of the real estate of said deceased was duly filed in said Probate Court, by which it appears that the said Bernard Burns died seized of a certain piece or parcel of land, (describing it) situate in said city and county, of the value of $3,000, and concluding with a prayer that said lot of land be set apart to her as a homestead. The application of said Lizzie Burns was duly considered by the said Probate Court, and on the 26th day of January, 1877, a decree was entered by said Court setting apart said lot of land to the use of petitioner as a homestead. There was no appeal from this decree; but on the 16th day of July, 1877, one Ann Gordon, representing herself to be a sister of the deceased, Bernard Burns, presented a petition on her own behalf, as well as on behalf of certain other heirs of the deceased, praying the Court to set aside, vacate, and annul said order of January 26th, 1877. To this petition a demurrer was interposed by Lizzie Burns on the 17th day of August, 1877, and on the 25th day of the following month said demurrer was sustained by the Probate Court.

On the 17th day of January, 1878, another petition was presented on behalf of the same parties, for a final account and distribution of the estate of said Bernard Burns, and praying that the said Lizzie Burns be cited and required to render to said Probate Court a full, complete, and final account of her

administration of the estate of Bernard Burns, of all the property thereof, both real and personal.

It is apparent that an attempt was thus made to accomplish indirectly what the same parties had failed to obtain by the former petition of July 16th, 1877.

This application was denied by the Court on the 1st day of April, 1878; and on the 12th day of the same month a motion for a new trial was made, which motion was denied on the 16th day of July; and on the 12th day of September, petitioners filed a notice that they appealed to the Supreme Court, "from the order of the Probate Court, made and entered on the 16th day of July, overruling a motion for a new trial upon the matters contained in said petition, and from the whole thereof."

The only question presented to this Court, in the argument of the appeal, relates to the validity of the order of the Probate Court of January 26th, 1877, setting aside to Lizzie Burns, as a homestead, a certain lot, the same being a part of the estate of her deceased husband.

It is claimed on behalf of the appellants that the Probate Court had no power to set apart said lot as a homestead, for three reasons:

1st. Because said lot was vacant and unimproved, and never had the character of a homestead impressed upon it during the lifetime of Bernard Burns; 2nd. Because it exceeded in value the sum of one thousand dollars; and 3rd. Because no notice of the proceeding setting apart the homestead was given to the heirs of the deceased Bernard Burns.

Section 1465 of the Code of Civil Procedure provides that, "Upon the return of the inventory, or at any subsequent time during the administration, the Court or the Probate Judge may, on his own motion or on petition therefor, set apart for the use of the surviving husband or wife, or the minor children of the decedent, all property exempt from execution, including the homestead selected, designated, and recorded. If none has been selected, designated, and recorded, the Judge or the Court must select, designate, set apart, and cause to be recorded, a homestead for the use of the persons hereinbefore named, in

the manner provided in article two of this chapter, out of the real estate belonging to the decedent."

The homestead mentioned and provided for in article two, must not exceed in value the sum of $5,000. (§ 1475, Code Civ. Proc.)

" When the homestead has been set apart, it ceases to be a part of the assets of the estate, and neither the Court nor the administrator has any further power over it, and it has become, for all further purposes of the administration, as if it had never existed." (In the *Matter of the Estate of Orr*, 29 Cal. 101.) The order of the Probate Court, of April 1st, 1878, was therefore, properly made.

It is unnecessary for us to determine, on this appeal, whether the decree of January 26th, 1877, setting apart the homestead to the widow of Bernard Burns, was regular or otherwise. It was an appealable order under § 969 of the Code of Civil Procedure, and § 1715 of the same Code requires such appeal to be taken within sixty days.

The notice of appeal in this case was not filed until September 12th, 1878, which was too late to make the order complained of a proper subject of review by this Court.

Order affirmed.

THORNTON, J., SHARPSTEIN, J., and MYRICK, J., concurred.