[No. 33.   First Appellate District.—August 24, 1905.]

## In the Matter of the Estate of CHARLES PATRICK McCARTHY, Deceased.

HOMESTEAD—ESTATES OF DECEASED PERSONS—VALUE—EVIDENCE RE-
CEIVED AFTER SUBMISSION OF CONTEST—APPRAISEMENT.—After a contest by a creditor of an insolvent estate of a deceased person to an application by his widow to have certain premises set aside as a homestead has been tried and submitted for decision, the issue involved being whether the value of the premises sought to be set aside was in excess of five thousand dollars, it is error for the court, without the knowledge or consent of such creditor, to appoint appraisers and receive the evidence contained in their appraisement

as to the value of the premises; and an order setting aside the premises as a homestead, based upon the evidence of value contained in such appraisement, of which no notice was given the creditor as required by section 1478 of the Code of Civil Procedure, will be vacated.

APPEAL from an order of the Superior Court of Santa Cruz County setting aside a homestead. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Wyckoff & Gardner, for Appellant.

James A. Hall, for Respondent.

HALL, J.—Appeal from order setting apart a homestead to the widow of deceased.

The petition for the order states that the premises therein described were selected by deceased in his lifetime as a homestead from community property, and that the value of the same does not exceed five thousand dollars, and is valued in the inventory at five thousand dollars, and was of less value than five thousand dollars—to wit, of the value of about two thousand dollars—at the time of the selection of the same as a homestead.

The appellant, a creditor of the estate, filed her written opposition to the petition, in which she alleged, among other things, that the value of the premises sought to be set apart as a homestead is greatly in excess of five thousand dollars,— to wit, nine thousand dollars or thereabouts,—and that its value at the time of selection exceeded five thousand dollars, and was fifty-five hundred dollars.

It is admitted that the estate will be insolvent and there will be no money to pay appellant's claim if the premises are finally set apart as a homestead.

If the premises did not exceed in value the sum of five thousand dollars at the time they were appraised in the probate proceedings it was the imperative duty of the court to make the order setting them off to the petitioner. The main issue upon which the matter was tried in the lower court was as to the value of the premises. Many witnesses were called and examined, and thereupon the matter was submitted.

The judge afterwards filed an order in writing in which it is stated: "The evidence here shows that the property in question is of greater value than $5,000, and that the two claims presented are just debts against the estate, and that the same should be paid before an order is granted placing the property beyond the reach of said creditors." The judge further stated in the order that it was his "opinion that our statute does not authorize the superior court of this state to set apart a homestead óf greater value than $5,000 when the making of such an order would defeat the collection of just claims of creditors. Under the facts as developed by the evidence, the court will defer action on said petition until another inventory is made and filed herein, when such further action will be taken as may appear legal and just to all parties concerned."

The above order was made November 4, 1903, and, of course, did not decide the contest before the court.

Two days after the above order was made, without notice to appellant, the court appointed three appraisers to appraise the homestead premises. The appraisers so appointed afterwards returned an appraisement, in which they valued the property at five thousand dollars, and fixed the value at the time of its selection at two thousand dollars.

The court thereafter, without notice to appellant, and without setting any time for hearing the report of the appraisers, made an order setting apart the premises as a homestead.

The appellant afterwards made a motion to set aside the order so made, and asked that a day be set for the further hearing of the application at which all parties interested should have notice and an opportunity to be heard. In support of the motion so made the appellant filed affidavits stating, "that said new inventory and appraisement was never offered or received in evidence at the hearing of said matter or at any adjournment thereof, or at any time or at all, when said creditors or their attorneys had an opportunity to be heard thereon; that no notice was ever given to said creditors or their attorneys of said last-mentioned application of said attorney of said petitioner for the setting off of said homestead."

The affidavits further stated that the value of the premises so set apart was greatly in excess of five thousand dol-

lars, "as appears by the testimony of the witnesses at said former hearing, and as appears by the findings of the court in its order made after said hearing."

The court denied said motion of appellant and refused to reopen said matter. Afterwards, on the eleventh day of January, 1904, the court made and filed findings, in which it is found "That on or about the 16th day of November, 1903, this court ordered a reappraisement of said property, and duly appointed appraisers in that behalf, and that on or about the 24th day of November, 1903, said appraisement was duly returned to this court, and was a unanimous report of three appraisers so appointed, and said appraisers did value and appraise said real property at the time said appraisement was made to be the sum of $5,000; and they did further find, ascertain and appraise the value of said real property at the time the same was selected as a homestead, as aforesaid, to be the sum of $2,000." The court further found "That said property is not now and never has been of the value of more than $5,000," and also found that at the time of its selection it was of the value of two thousand dollars.

It was error for the court to appoint appraisers and receive the evidence contained in the appraisement made by them without the knowledge or consent of appellant after the investigation had been closed. The court had no more right to do this than it would have had to hear the evidence of three new witnesses in the absence of appellant and her counsel after the case was closed. The first appraisement valued the property at five thousand dollars. The very object of the contest made by appellant was to have the value of the property determined in court from the testimony of witnesses, who were subject to cross-examination. After such witnesses had been produced, and the court was convinced that the value of the property exceeded five thousand dollars, and the matter submitted, it was a submission as to all parties. To hear the application for new appraisers, and to appoint them, and receive and act upon their report, was taking more testimony on one side only. The code provides, under article II of chapter 5 (secs. 1474 to 1486) of the Code of Civil Procedure, for appointing appraisers in certain cases where there is a question as to the value of the homestead.

In such case, when the report is filed, "the court must set a day for hearing any objections thereto, from any one interested in the estate. Notice of the hearing must be given for such time, and in such manner as the court may direct. If the court be satisfied that the report is correct, it must be confirmed, otherwise rejected." (Code Civ. Proc., sec. 1478.)

If it be conceded that the court had the right to order a reappraisement of the homestead under section 1478 of the Code of Civil Procedure, it must be admitted that under the same section the court should set a day for hearing any objections to the report made by the new appraisers, and cause notice thereof to be given. The court not only did not set a day for hearing any objections to the report, but refused to hear the appellant upon her direct application to be heard. This, we think, was error.

It is urged that the court found that the value of the property at the time of filing the declaration of homestead was two thousand dollars, and that this finding justified the order setting it apart. It is sufficient to say that such finding is based entirely on the report of the appraisers appointed after the matter was tried; and as before said such *ex parte* report is not evidence. The only evidence taken on the hearing of the petition and objections thereto as to the value of the premises at the time of its selection as a homestead was that of one witness, who testified that the property was worth seventy-five or eighty dollars per acre. (There were forty-one acres in the premises.) It may be fairly supposed that the witness in giving the value as so much per acre referred to the land only, and did not include the improvements, especially as another witness put the value of the improvements at two thousand dollars. We would thus have the reappraisement as the only evidence tending to show that the premises when selected as a homestead were worth less than five thousand dollars.

Not only this, but the testimony in the case, and the order made by the court after the case was submitted, show that the theory of the petitioner was, that the property did not exceed in value five thousand dollars at the time of the hearing.

We do not intimate that it would make any difference in the result if the value at the time of filing the declaration

were conceded to be two thousand dollars. It is not necessary to decide that question on this appeal.

The order is reversed.

Cooper, J., and Harrison, P. J., concurred.