[S. F. No. 7246.   Department Two.—December 17, 1915.]

In the Matter of the Estate of BERNARD BETTE, Deceased.
MARIE BETTE, Administratrix, etc., Appellant, v.
THOMAS G. WYATT, Respondent.

ESTATES OF DECEASED PERSONS—SETTING ASIDE HOMESTEAD—JURISDIC
TION—DECREE OPERATES IN REM—CONCLUSIVENESS AS TO CREDITORS.
The superior court, sitting in probate, is one of general jurisdiction,
and where it has acquired jurisdiction by a proper petition and
notice of a widow's application for a homestead, its decree rendered
therein is not void because of errors committed in the exercise of
the jurisdiction. Such decree operates *in rem*, and is conclusive
upon creditors of the deceased.

ID.—HOMESTEAD DECLARED ON SEPARATE PROPERTY—EXCESSIVE VALUE—
DECREE SETTING IT ASIDE ABSOLUTELY TO WIDOW — COLLATERAL
ATTACK BY CREDITOR.—A decree in probate, based upon a proper
petition and notice, setting aside absolutely to the widow of the
deceased as a homestead property upon which she had declared
a homestead prior to the death of her husband, and which was
alleged to be community property in the petition, and so returned
in the inventory of the estate, cannot be collaterally attacked by a
creditor of the deceased on the settlement of the final accounts of
the widow as administratrix of the estate, on the grounds either that
the property set aside was in fact the separate property of the
deceased, or that it had been valued in the inventory in excess of
five thousand dollars.

ID.—VESTING OF HOMESTEAD IN SURVIVING SPOUSE—VALUATION BY AP
PRAISERS—COMMUNITY PROPERTY.—If a homestead selected from
the community property *vests* in the survivor upon the death of the
husband or wife, such vesting may not be made to depend upon the
mere estimate of the appraisers, but upon the *fact* that the premises
selected are of the community property.

ID.—ERROR IN DETERMINING FACTS REQUISITE TO VESTING OF HOME
STEAD.—The court having acquired jurisdiction to decide whether or
not the homestead vested upon the death of the husband in his widow,
had the power to determine all the necessary facts. If the property
was worth more than five thousand dollars and the court nevertheless set it aside, that was at most error subject to correction on
appeal, but not to collateral attack.

ID.—PARTIAL REJECTION OF CLAIM—PAYMENT OF AMOUNT GREATER
THAN THAT ALLOWED.—The approval by the administrator and the
allowance by the court of a claim against the estate of a deceased
person in an amount less than that for which it was presented is a

partial rejection of the claim, and the court in probate cannot order payment of the rejected amount in the absence of any suit by the creditor for its recovery.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the final accounts of the administratrix of the estate of a deceased person. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

tum Suden & tum Suden, for Appellant.

T. C. Van Ness, Jr., for Respondent.

MELVIN, J.—The administratrix of the estate of Bernard Bette, deceased, appeals from an order settling her final account.

Bernard Bette died on the second day of August, 1912. Less than a month prior to that time his wife, Marie, declared a homestead upon the premises inhabited by Bette and his family. Marie was duly appointed administratrix of the estate of her deceased husband. Notice to creditors was given and on September 25, 1912, she filed an inventory and appraisement (dated September 11, 1912), wherein the property involved was appraised at $8,750. The appraisers also returned the entire estate as community property.

On September 26, 1912, Marie Bette, as widow of Bernard Bette, filed her verified petition to have the property on which she and her children were residing set apart to her as a homestead. In said petition the widow alleged the declaration and recordation of the homestead during the life of Bernard Bette, the existence of a mortgage for three thousand dollars on said premises, the character of the land and improvements as community property, and that in the appraisement returned to the clerk of the court the said property was estimated at $8,750 in value. The court made an order fixing a day for the hearing of the widow's petition, and proof by posting of notices of the time and place fixed by the court for said hearing was made according to law. The court heard the petition and entered its decree setting aside the described property to Marie Bette as surviving widow of Bernard Bette, deceased, the decree reciting among other things that upon

the death of Bernard the homestead had vested in Marie as his surviving widow. This decree was dated October 10, 1912, and was recorded October 12, 1912.

In her final account filed July 25, 1913, the administratrix charged herself with the value of the property as appraised, namely, $8,750, and claimed a credit for a like amount based upon the decree setting aside the property as a homestead. T. G. Wyatt, a creditor, successfully contested this part of the account. The court permitted documentary proof to the effect that Bette had acquired the property before marriage, and Marie Bette, testifying as a witness for the contestant, said that the property set apart as a homestead had been acquired by her husband prior to that time. In sustaining the contest the court found that the order setting apart the homestead was void; that said order was made without jurisdiction on the part of the court to make it, and that the appraisers and the court had failed to follow the provisions of sections 1465, 1476, 1477 and 1478 of the Code of Civil Procedure. The court accordingly ordered payment of all allowed claims amounting to five thousand four hundred dollars.

Appellant contends that compliance with the provisions of sections 1476 et seq., is not the measure of the court's jurisdiction, and that therefore the decree setting aside the homestead is not vulnerable to collateral attack. She insists that the remedy of the creditors, if any they had, was by appeal from the order setting aside the homestead, or by motion under the provisions of section 473 of the Code of Civil Procedure, and that not having availed themselves of either appeal or motion, they are bound by the court's order and decree. The court was one of general jurisdiction. Under section 1465 of the Code of Civil Procedure it had the power to set aside a homestead for the benefit of the surviving wife, and under section 1474 of the Code of Civil Procedure, such homestead, if selected from the community property during the lives of both spouses, vested absolutely in the survivor upon the death of one of them. The court acquired jurisdiction over the matter of the widow's application for a homestead. The petition and the notice were the jurisdictional prerequisites to action by the court. Having acquired jurisdiction, its decree is not void because of errors committed in the exercise of the jurisdiction. (*Burris* v. *Kennedy*, 108 Cal. 331, 339, [41 Pac. 458].) The judgment was *in rem*

and was conclusive upon the creditors. (*Fealey* v. *Fealey,* 104 Cal. 360, [43 Am. St. Rep. 111, 38 Pac. 49]; *Hanley* v. *Hanley,* 114 Cal. 694, [46 Pac. 736].) But it is contended that lack of jurisdiction to act was apparent upon the face of the record, because the homestead had been appraised as of a value of more than five thousand dollars, and that the court could only proceed by invoking the assistance of the appraisers in the way provided by sections 1476 et seq. We are unable to agree with this contention. If a homestead selected from the community property *vests* in the survivor upon the death of the husband or wife, such vesting may not be made to depend upon the mere estimate of the appraisers, but upon the *fact* that the premises selected are of the community property. Granting but not deciding that the value of such homestead must not be more than five thousand dollars, it would not follow that the court is bound to adopt the cumbersome procedure of requiring reports from the appraisers until one which is satisfactory may be presented. The court having acquired jurisdiction to decide whether or not the homestead vested upon the death of Bernard Bette in his widow, had the power to determine all the necessary facts. If, indeed, the property was worth more than five thousand dollars and the court nevertheless set it aside, that was at most error subject to correction on appeal, but not to collateral attack. Respondent insists that the rule announced in *Estate of Huelsman,* 127 Cal. 276, [59 Pac. 776], has no application to a case where it appears on the face of the record that the homestead was selected from the separate property of the spouse afterward deceased. But the face of the record did show that the property was regarded by the appraisers as having been selected from the assets of the community. In the Huelsman case it did appear upon the face of the record that the homestead had been selected from the separate property of the deceased, and it followed that the court had erred in setting it aside absolutely to the widow and not merely for a limited period, yet this court held that the order was not void, but must be given full force because it had not been directly assailed during the time allowed for an appeal. This case is stronger in its facts than the Huelsman case, and under the authority of that case there is no escape from the conclusion that the decree setting aside the homestead is not void. This court has also held that where

a probate homestead has been declared, the order may not be attacked collaterally by a showing that the deceased in his lifetime had selected a homestead. (*Otto* v. *Long,* 144 Cal. 147, [77 Pac. 885].) The court erred in admitting the evidence tending to impeach the order and decree setting apart the homestead to Mrs. Bette.

There is nothing in *Estate of McCarthy,* 1 Cal. App. 468, [82 Pac. 635], which is in conflict with this opinion. In that case all of the parties in interest were proceeding in view of sections 1476 et seq., of the Code of Civil Procedure, and it was properly held that the court might not order a new appraisement after the matter was under submission, and make an order based upon such new appraisement without notice to the interested parties. The operation of section 1474 of the Code of Civil Procedure was not there involved. None of the cases cited by respondent clashes with the views expressed herein.

The court allowed contestant's claim for $417.37, the amount originally demanded. The administratrix had approved the claim for $392.37 and it had been allowed by the court for that amount. On settlement of the account the creditor asserted that the reduction had been made in view of an agreement between him and the administratrix that the debt should be promptly paid. The court decided that he was entitled to the larger amount. Section 1496 of the Code of Civil Procedure provides for the presentation of claims to the administratrix and the approval or rejection of such demands by her and by the court. Where, as here, there has been a partial rejection of the claim, the only recourse of the dissatisfied creditor is a suit. (Code Civ. Proc., sec. 1498.)

The order settling the final account of the administratrix is reversed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.