[Civ. No. 1692.   Third Appellate District.—July 10, 1917.]

## ANNA BENNING, Petitioner, v. SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

ESTATES OF DECEASED PERSONS—ORDER SETTLING ACCOUNT AND DECREE-ING DISTRIBUTION—FORCE AND EFFECT OF.—Under the provisions of sections 1637 and 1666 of the Code of Civil Procedure, an order set-tling a final account and decreeing distribution of an estate is placed upon the same footing as a judgment in a civil action, and attack-able only in the same manner.

ID.—JUDGMENT—MANNER OF NULLIFICATION.—A judgment can be nulli-fied by the court which rendered it only, first, on motion for a new trial; second, by a motion under the provisions of section 473 of the Code of Civil Procedure, where the judgment is inadvertently made and where application is made to set it aside within six months; third, by motion therefor at any time where the judgment is void on its face; fourth, by an independent suit in equity where the judg-ment is regular on its face but extrinsically void for want of juris-diction, or by reason of fraud or mistake.

ID.—PAYMENT OF CLAIMS—ERRONEOUS FINDING—ORDER SETTLING AC-COUNT AND DISTRIBUTION — REMEDY BY APPEAL.—Where a petition for settling a final account and for decree of distribution alleged and the court found that all claims against the estate had been paid, the court's adjudication, if wrong, was merely erroneous, and sub-ject to correction on appeal, and not by motion to set aside the order.

ID.—FALSE TESTIMONY—BASIS OF DECREE—REMEDY BY APPEAL.—Where false testimony is given upon the hearing of the settlement of an

account and distribution of an estate, and the court bases its decision upon such testimony, the judgment is duly made, and must stand unless an appeal is taken.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Third Appellate District to compel the Superior Court to set aside an order settling a final account and decree of distribution.

The facts are stated in the opinion of the court.

Thomas B. Leeper, for Petitioner.

Elliott & Atkinson, for Respondents.

BURNETT, J.—This is a petition for writ of mandate to compel the superior court in and for the county of Sacramento and the judge thereof to set aside an order settling the final account of the administrator and decree of distribution in the matter of the estate of Manuel S. Nevis, deceased.

Petitioner is the assignee of Charles Peterson, a creditor of said estate. Peterson duly presented his claim, which was allowed by the administrator and the judge of the superior court for $992. Thereafter the administrator paid petitioner $607.61, leaving a balance of $331.13. Thereafter, and upon the fifteenth day of October, 1913, the administrator filed a final account of the administration of said estate, accompanied by a report and petition for distribution, wherein it was alleged, among other things, that all the "debts of said deceased, expenses of administration, etc., have been fully paid," and that said estate was ready for distribution. After notices had been duly posted as required by law, stating that said account was for final settlement, a hearing was had, and upon evidence being taken in support of the allegations of said report and petition, an order was made settling said account as the final account of said estate and finding that all debts of the estate had been paid, and a decree of distribution was made and entered. Said final account and order made no mention of the balance still unpaid to the petitioner herein.

Afterward, on the sixth day of December, 1916, petitioner filed a petition, subsequently amended, in said superior court in the matter of said estate, whereby she sought to set aside said decree of distribution, claiming that she had received no

notice of the settlement of said final account and petition for final distribution until July, 1916; that she had been prompted to make no inquiry because of promises of Emma Nevis, wife of the deceased, that no settlement nor distribution would be made of said estate until September, 1916, and that petitioner would be fully paid.

Upon a demurrer being interposed to said petition by the distributees of said estate and argument had, the said superior court denied the said petition to set aside the final decree of distribution, upon the ground that the decree of distribution and the order settling the final account had become final and conclusive against said petitioner. Petitioner claims that since the account did not include her unpaid claim, it is not final nor conclusive as to her, and that she is entitled to have it set aside.

The sole question for consideration is, therefore, whether the petitioner here is entitled to an order of the said superior court setting aside the order settling the final account and the decree of distribution theretofore made in the matter of the estate of Manuel S. Nevis, deceased.

As to the force and effect of the order settling the final account and decree of distribution made by the court of the estate of the decedent, the statute itself is plain and conclusive. As to the former, section 1637 of the Code of Civil Procedure provides: "The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability, their right to move for cause to reopen and examine the account, or to proceed by action against the executor or administrator, either individually or upon his bond, at any time before final distribution; and in any action brought by any such person, the allowance and settlement of the account is *prima facie* evidence of its correctness." And as to the decree of distribution, we find this language in section 1666 of the same code: "In the order or decree, the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree in conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified

on appeal." These provisions simply mean that the order settling the final account and decreeing distribution of the estate is placed upon the same footing as an ordinary judgment in a civil action. In support of this statement, authority is hardly needed, but we may refer to the carefully considered case of *Bacon* v. *Bacon*, 150 Cal. 477, [89 Pac. 317], wherein, in reference to section 1666, *supra,* it is said on page 486: "The provision may reasonably be interpreted to mean no more than that the decree of distribution should have the same force and effect as other final judgments—that is to say, that it should not be subject to collateral attack, but only to direct attack on appeal, or as otherwise provided by law."

The orders settling the final account and decreeing the distribution of the estate in the present instance, it may be said, are a part of the same document and really constitute one judgment of the court, and we will therefore so treat it in this opinion.

It cannot be doubted that a judgment can be nullified by the court which rendered it only, first, on motion for a new trial; second, by a motion under the provisions of section 473 of the Code of Civil Procedure, where the judgment is inadvertently made and where application is made to set it aside within six months; third, by motion therefor at any time where the judgment is void on its face; fourth, by an independent suit in equity where the judgment is regular on its face but extrinsically void for want of jurisdiction, or by reason of fraud or mistake. In the case at bar no motion for a new trial was or could be made. No application was made under the provisions of section 473 to have the judgment set aside, the motion herein having been made more than three years after the judgment was entered and upon an entirely different ground from those contemplated by the section. The judgment is not void on its face; on the contrary, it is made to appear that the court had jurisdiction of the person and jurisdiction of the subject matter. The statutory requirements as to notice to be given preliminary to the settlement of the final account and to the order decreeing the distribution of the estate were strictly complied with; in fact, there is no contention of the lack of jurisdiction on the part of the court to decree said settlement and distribution. And likewise this is not an independent suit in equity to set aside said judgment on any of the grounds that are

cognizable in equitable proceedings. It is quite apparent, therefore, that petitioner has not brought herself within any of the recognized methods of procedure whereby said judgment of the court could be legally avoided or nullified. Upon reflection, the proposition seems so clear and uncontrovertible that further consideration seems hardly to be demanded. Indeed, the only error complained of, as far as the action of the court below is concerned, was that the decree was made before all the claims against the estate had been paid, and was, therefore, made prematurely and without authority of law. Conceding this to be true, nevertheless the petition for settling the final account and for decree of distribution alleged, and the court found, that all claims against the estate had been paid. The court, therefore, having adjudicated this fact in a matter wherein it had jurisdiction, its adjudication, if wrong, was merely erroneous and subject to correction on appeal. If false testimony was presented at the hearing, and if upon such testimony the court based its decision, nevertheless the judgment was duly made and must stand unless an appeal is made therefrom. A similar question to that involved herein was presented in the case of *Smith* v. *Jones*, 174 Cal. 513, [163 Pac. 890], wherein a false return of the service of summons upon the defendant had been made and upon such false return the court below gave judgment by default. More than one year after the entry of the judgment, the defendant appeared and moved to vacate it upon the ground that he had never been served with summons, and, therefore, that the court had never acquired jurisdiction over his person, and that the judgment was consequently void. The court granted the motion and vacated the judgment. The plaintiff appealed to the supreme court, where the order was reversed upon the ground that the superior court was without authority to vacate its judgment by motion therefor made more than one year after the rendition thereof, though the court in the first instance had no jurisdiction to render judgment in consequence of the failure to serve the defendant with summons. In the opinion in that case it was said: "Under the views expressed, the motion of respondent to set aside the judgment was made too late, and for that reason the court had no power to make the order. Under such circumstances the respondent is required to seek whatever relief he is entitled to through an independent action in equity to set aside

the judgment for want of jurisdiction in the court to pronounce it. (*Brackett* v. *Banegas,* 116 Cal. 278, [58 Am. St. Rep. 164, 48 Pac. 90]; *Parsons* v. *Weis,* 144 Cal. 410, [77 Pac. 1007].)'' In that case, it is to be observed, there was an entire lack of jurisdiction to enter judgment by reason of a failure of service, and hence in that particular there was stronger reason for setting aside the judgment than in the case at bar. Herein, as we have seen, there was at most a mere error, an incorrect conclusion of law, or incorrect finding of fact which could not operate to invalidate the judgment except by regular proceedings taken upon appeal, so that in the present instance a motion to vacate would not lie at any time. It is undoubtedly true that the superior court sitting in probate is one of general power, and where it has acquired jurisdiction as in the present case by proper application and notice, its decree rendered therein is not void because of errors committed in the exercise of its jurisdiction, and the validity of its judgment cannot be questioned in a proceeding like this. (*Crew* v. *Pratt,* 119 Cal. 131, [51 Pac. 44]; *Estate of Bette,* 171 Cal. 583, [153 Pac. 949].) In view of said provisions of the statute and the familiar decisions of the courts, we are entirely satisfied that no reason exists for directing the lower court to set aside its order and decree.

Assuming that said order settling the administrator's account is not final and conclusive as to the petitioner in consequence of said claim not having been included therein, then it would follow that petitioner is not injured thereby. In that event, her remedy would be to petition the probate court for an order directing the administrator to pay her claim, and should the court refuse to make such an order, she may appeal therefrom under the provisions of subdivision 3 of section 963 of the Code of Civil Procedure.

Or if petitioner relies upon extrinsic fraud, as is imperfectly intimated in her petition, she must institute an action in equity to set aside said judgment, as we have hereinbefore indicated.

We should properly confine ourselves strictly to the petition that is before us and not anticipate any future proceedings that may be taken by petitioner. We will not, therefore, enter upon a consideration of respondents' earnest contention that petitioner seeks to enforce a stale demand and one that is entirely destitute of merit.

There are some cases cited by petitioner from other jurisdictions apparently lending some countenance to her contention. They are based, however, upon different statutory provisions from those that prevail in this state, and we deem specific notice of them inadvisable.

The order to show cause is discharged and the writ denied.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 6, 1917.