[Civ. No. 7902. Second Appellate District, Division Two.—July 10, 1931.]

In the Matter of the Estate of SOLOMON K. MYERS, Deceased. AMY L. LATHROP, Appellant, v. ELSA F. MYERS, Administratrix, etc., Respondent.

Norman T. Mason for Appellant.

Harry L. Cohn and Cohn, Lambert & Jones for Respondent.

THOMPSON (IRA F.), J.—This is an appeal from an order granting a family allowance to the widow of deceased. The appeal is taken by the residuary legatee under deceased's will, who is a daughter of the latter by a former marriage. No children were born of the second marriage. The appeal is based upon an antenuptial contract executed in the state of Iowa by the deceased and respondent, the material portions of which read as follows:

" . . . [I]t is hereby agreed that each of said parties to this Ante-Nuptial Contract hereby agrees to waive, and does hereby waive, all and every right whatsoever which he or she might have or acquire by law by such marriage in any and all property of every kind and character, real, personal or mixed, now owned or which may hereafter be acquired by the other party; it being understood and agreed that all of the property and property rights which each of these parties now has, or which each may hereafter acquire, shall pass to her or his heirs at law, devisees or legatees in precisely the same manner and with the same effect as though no marriage were ever consummated.

"It is further agreed that each party hereto shall have control and management of, and the right to sell, convey or transfer any and all of their separate properties during marriage without the signature or joining in by the other, as freely as if no marriage had taken place."

The cases cited by appellant are distinguished from the situation here by reason of the fact that in those cases the parties separated and entered into agreements which specifically provided that the support of the wife should be waived. It is to be observed that in the instant case the contract contains no such provision, but only provides that the property shall pass to the heirs of the parties as though no marriage had been contracted. Here also the parties lived together until the death of the husband, he supporting her up to that time, and under his will granting her a life estate in the home in which they had lived.

*Estate of Woodburn,* 212 Cal. 683 [300 Pac. 22], is, we think, decisive of the present appeal. In that case an antenuptial agreement was executed by the intending spouses

in contemplation of their marriage and they undertook "to make a full and complete settlement of their property rights prior to said marriage" and both agreed that "in consideration of the marriage contract above referred to", each party "does hereby expressly waive and relinquish any and all right, title and interest in and to any property either real or personal now owned or that may be hereafter acquired by" said parties which they "might be entitled to by reason of being the husband" or wife of the other party to the agreement. In connection with the wife's agreement, however, it was provided that the husband should furnish her for "as long as she may live a good and comfortable home, . . . and it is agreed that said property may be held as a home for" her "so long as she may live". The entire estate was not greater than $1500 and the wife thereafter presented her petition to have the same set aside to her under the provisions of section 1469 of the Code of Civil Procedure. There were no children of their union but her petition was resisted by an adult daughter of deceased by his first marriage. In affirming the order granting her petition our Supreme Court said:

"Upon the merits of this appeal we are of the opinion that the antenuptial settlement entered into between" deceased "and the lady who was to become his wife and widow and who is the respondent herein, while the parties thereto expressly waived and relinquished each on his and her own part all right, title and interest in the property then owned or thereafter to be acquired by the other party, and all right of inheritance therein to which either party might be entitled as the husband or wife of the other, cannot be held to have accomplished a waiver of those rights to which the widow or minor children if any, of a decedent are entitled under the provisions of article 1, chapter V, part III, title XI of the Code of Civil Procedure. The provisions of said chapter and article expressly relate to the support of the family of a decedent, and to which the widow and minor children of said decedent become entitled upon his death and the probate of his estate, without regard to any interest which they or any of them may have had in the property of said decedent during his lifetime, and without reference to their heirship or right of inheritance therein. The rights to which this widow became entitled under the foregoing provisions of the code

were in no sense either the rights of inheritance or rights depending upon any previous interest in the property of the decedent owned by him during his lifetime and which she may have surrendered by virtue of the terms of their antenuptial agreement.'' In principle there is no distinction between the cases, for it is noted that the right to an allowance is not based upon a right of inheritance.

It must be borne in mind that if there exist a doubt concerning the interpretation of the contract it should be resolved in favor of the respondent, for as it is said in *Estate of Whitney*, 171 Cal. 750 [154 Pac. 855]: ''The widow's claim to a family allowance is strongly favored in our law. (*In re Lux*, 100 Cal. 593, 603 [35 Pac. 341] ; *Estate of Welch*, 106 Cal. 427, 432 [39 Pac. 805] ; *Estate of Cowell*, 164 Cal. 636, 642 [130 Pac. 209].) The right of testamentary disposition, and the right of beneficiaries to take under the will, are alike statutory, and are both subject to the power of the court having jurisdiction of the estate to make a provision for the support of the widow (or minor children) out of the estate. (*Estate of Bump*, 152 Cal. 274 [92 Pac. 643].) A family allowance is, in this respect, analogous to a probate homestead, which, as has been held, may be ordered even out of property specifically devised. (*Estate of Huelsman*, 127 Cal. 275 [59 Pac. 776] ; *Estate of Gray*, 159 Cal. 159 [112 Pac. 890].) A will may, of course, be so drawn as to put the widow to her election between taking the benefits given her by the testator and claiming her right of family allowance. So, too, the wife may, by agreement, surrender the privilege of applying for an allowance. Whether the right to demand an allowance is inconsistent with the will, or has been surrendered, is a question of interpretation of the will or the contract. In the case of a contract, we think the right should not be held to have been surrendered by an agreement between the spouses 'except by clear and explicit language'. This was the rule of construction applied by this court to an antenuptial agreement which, as was claimed, barred the wife's right to select a homestead out of the separate property of the husband while both spouses were living. (*Warner* v. *Warner*, 144 Cal. 615 [78 Pac. 24].) In reason, the same principle should apply to the matter under consideration in this case.''

For other authorities in harmony with these views reference may be had to *In re Chisholm's Estate*, 159 Wash. 674 [294 Pac. 973], *In re Gould's Estate*, 181 Cal. 11 [183 Pac. 146], *Remington* v. *Remington*, 72 Colo. 132 [209 Pac. 802], *Deeble* v. *Alerton*, 58 Colo. 166 [Ann. Cas. 1916C, 863, 143 Pac. 1096], and *Caldwell* v. *Caldwell*, 192 Iowa, 1157 [186 N. W. 58].

Order affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 7, 1931.