[Civ. No. 10250. Second Appellate District, Division One.—June 17, 1935.]

In the Matter of the Estate of THOMAS W. MAXWELL, Deceased. FLORA W. MAXWELL, Appellant, v. T. S. MAXWELL, as Executor, etc., Respondent.

D. K. Gault for Appellant.

Conroy & Conroy for Respondent.

ROTH, J., *pro tem.*—On petition by the surviving widow to have set aside to her a probate homestead out of the real property owned by herself and her deceased husband as tenants in common, no homestead having been claimed or selected by either spouse prior to the death of the husband, the court granted the petition and set aside to the petitioning widow the homestead requested, but limited the same to her lifetime. She contends that the court under the provisions of section

661 of the Probate Code *was required* to set aside such homestead in fee.

There is no contention that the property from which the homestead was carved is, or ever was, community property. It is settled, therefore, that the decedent's undivided one-half interest in the property owned in common with his wife, and to which property the petition was directed, was his separate property. (Civ. Code, secs. 685, 686 and 682; *Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003].)

Although the right to a probate homestead is favored by law and should be liberally construed (*Estate of Myers,* 115 Cal. App. 443 [1 Pac. (2d) 1013]; *Estate of Whitney,* 171 Cal. 750 [154 Pac. 855]), we have been cited to no authority and know of none which holds that separate property must be set aside as a probate homestead without limitation. Section 661 of the Probate Code does not so provide, but in our opinion enacts to the contrary. The pertinent portion of said section reads: " . . . the court . . . must select . . . out of the community property or out of real property owned in common by decedent and the person or persons entitled to have the homestead set apart, or if there be no community property and no such property owned in common, then out of the separate property of the decedent. *If the property set apart is the separate property of the decedent, the court can set it apart only for a limited period,* to be designated in the order and in no case beyond the lifetime of the surviving spouse, or, as to a child, beyond its minority; and, subject to such homestead right, the property remains subject to administration." (Italics ours.)

The reference in the excerpted portion of the section to three classes of property is, in our opinion, for the purpose of designating the order in which the court must resort to property for the purpose of setting aside a homestead, i. e.: First, to the community property, and if there be none appropriate for that purpose, then to the property held in common, and if there be none appropriate for that purpose, then to decedent's separate property. The statute itself then provides that, if the homestead be set aside out of separate property, "the court can set it apart only for a limited period".

The order is affirmed.

Houser, Acting P. J., and York, J., concurred.