[Civ. No. 11008. Second Appellate District, Division One.—July 9, 1936.]

In the Matter of the Estate of MOTLEY H. FLINT, Deceased. HOTEL PARK CENTRAL, INC. (a Corporation), Appellant, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a Corporation), Executor, etc., Respondent.

Samuel S. Gelberg and Thorwald Siegfried for Appellant.

Flint & MacKay, Wesley L. Nutten, Jr., and Edward L. Compton for Respondent.

SHINN, J., *pro tem.*—A claim of appellant, Hotel Park Central, Inc., against the estate of Motley H. Flint, deceased, for $4,650.03, for rent of an apartment, was allowed by respondent, Security-First National Bank of Los Angeles, executor, on September 24, 1930, and approved by the court commissioner. On December 17, 1930, respondent was advised that the estate was not liable for the entire claim and upon affidavit to that effect obtained an *ex parte* order vacating the executor's allowance of the claim and the approval thereof by the court commissioner. On April 11, 1935, appellant filed a petition for an order setting aside the order vacating the allowance and approval of the claim, and requesting an order for payment thereof. The petition was dismissed and petitioner appeals. Respondent has moved to dismiss the appeal on the ground that the order dismissing the petition was not appealable.

Appellant contends that the order appealed from comes within section 1240 of the Probate Code. That section provides for an appeal from an order directing or allowing, or refusing to direct or allow, payment of a claim. Such an order would be one relating to a claim previously allowed by the executor. The court does not act upon a claim before it is acted upon by the executor or administrator, except in certain instances not applicable to the claim in question; nor does the court order payment of a claim that has been rejected by the personal representative, except by judgment in a suit on the claim. The order appealed from was not an order refusing to direct or allow payment of a claim within the meaning of section 1240, either in form or in

effect, and therefore was not an appealable order. Like orders have without exception been held to be not appealable.

In *Estate of Cahill*, 142 Cal. 628 [76 Pac. 383], the appeal was from an order denying a motion to vacate an order setting apart a homestead. In dismissing the appeal it was said, "There is no provision . . . allowing an appeal from such an order as the one here involved. The question has been before the court in numerous cases, and uniformly decided adversely to the contention of the appellants herein." (See, also, *Estate of Spafford*, 175 Cal. 52 [165 Pac. 1].)

When the allowance by the executor and the approval by the court were vacated by order of court, the claim stood as though it had never been acted on by the executor. The procedure then available to the claimant was to seek action on the claim by the executor, either by way of rejection or allowance in whole or in part, and in case of allowance, approval thereof by the court. This procedure was followed. It appears that on December 13, 1930, the executor rejected the claim and notified the claimant thereof in writing. Following such rejection, an action was filed on the claim on February 3, 1931. The fate of the claim lay in the determination of that action and not in any order the court might make respecting the order previously made vacating the approval of the claim. Clearly, then, the novel procedure adopted by the claimant did not result in the court's making an order within the purview of section 1240 of the Probate Code, but it resulted in an order quite foreign to those specified in that section.

The validity of a nonappealable order will not be examined into on appeal, even though it is conceded to be void. (*Estate of Mailhebuau*, 201 Cal. 664 [258 Pac. 378].) Furthermore, we have this day decided in *Hotel Park Central, Inc.*, v. *Security-First Nat. Bank*, (ante, p. 293 [59 Pac. (2d) 606]) that the identical order in question was not void. Appellant contends that the court erred in making the order vacating the allowance and approval but this is not an appeal or an attempted appeal from the original order, and the question of error in the making of that order is not before us.

The appeal is dismissed.

Houser, P. J., and Doran, J., concurred.