[Civ. No. 14896.  First Dist., Div. Two.  June 25, 1951.]

Estate of FRANK A. GIRARD, Deceased.  GEORGE W.
LEWIS, Appellant, v. LEORE G. FRITZ, as Executrix,
etc., Respondent.

Myers & Carter for Appellant.

Thomas H. Matimore and Ira S. Solomon for Respondent.

NOURSE, P. J.— On this motion to dismiss the appeal respondent contends that the order is not appealable within the terms of section 1240 of the Probate Code. A claim for $51,771.40 was approved by the executrix and ordered paid. The claim did not ask for interest and none was allowed. Thereafter the claimant moved in the probate court for an order directing the executrix to pay interest on the claim and his motion was denied. Section 1240 of the Probate Code provides, *inter alia*, "An appeal may be taken to the supreme court from an order . . . directing or allowing the payment of a debt, claim, . . . refusing to make . . ." such an order.

This portion of the section has been interpreted in *Estate of Flint*, 15 Cal.App.2d 299, where the court said (p. 300

[59 P.2d 609]) that the section "provides for an appeal from an order directing or allowing, or refusing to direct or allow, payment of a claim. Such an order would be one relating to a claim previously allowed by the executor. The court does not act upon a claim before it is acted upon by the executor or administrator, except in certain instances not applicable to the claim in question, nor does the court order payment of a claim that has been rejected by the personal representative, except by judgment in a suit on the claim. The order appealed from was not an order refusing to direct or allow payment of a claim within the meaning of section 1240, either in form or in effect, and therefore was not an appealable order." And in *Miller* v. *California Trust Co.,* 15 Cal.App.2d 612, 616 [59 P.2d 1035], the court said: "But we note a distinction between an order *directing payment or allowing payment of* a claim and an order of the court merely *approving* or *'allowing'* the claim. We believe that the order which is appealable under this section is an order directing or allowing *payment* of a claim which has already been 'allowed'. . . . There is no provision in section 1240 of the Probate Code permitting an appeal from an order rejecting a claim in whole or in part, and the Supreme Court has said: 'Where, as here, there has been a partial rejection of the claim, the only recourse of the dissatisfied creditor is a suit. (Code Civ. Proc., sec. 1498.)' (*Estate of Bette,* 171 Cal. 583, 587 [153 P. 949].)''

The settled rule is that the judge sitting in probate has no jurisdiction to order paid a claim which has been rejected in whole or in part by the administratrix. "[T]he only recourse of the dissatisfied creditor is a suit." (*Estate of Bette,* 171 Cal. 583, 587 [153 P. 949]; 11A Cal.Jur. sec. 600.) An order of the probate court refusing to exceed its jurisdiction in this respect is not an appealable order under the code section.

Appeal dismissed.

Goodell, J., and Dooling, J., concurred.