[L. A. No. 23765.   In Bank.   Nov. 29, 1955.]

TREASURE ALICE ARENS, as Administratrix, etc., Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent; MAUDE H. McLAREN, Real Party in Interest.

Krag & Sweet and Donald R. Krag for Petitioner.

No appearance for Respondent.

Lonergan & Jordan and A. M. Sessions for Real Party in Interest.

TRAYNOR, J.—On March 7, 1951, approximately 19 years after the death of Chauncey L. Hartman, a verified petition was filed in the Superior Court of San Bernardino County on behalf of his widow, Nellie May Hartman, by her son-in-law, Charles R. McLaren, alleging that the decedent had an undivided two-thirds interest in certain real property of the value of $4,075 and that the widow had an undivided one-third interest therein. The petition prayed that the real property be set apart to the widow "for her lifetime, as a probate homestead, and for such other relief as may be proper in the premises."

On April 18, 1951, the court entered the following order:

"The verified petition of CHAS. R. McLAREN for an order setting apart a homestead under the provisions of Sections 660 and 661 of the Probate Code, heretofore filed in this Court, came on regularly to be heard this 23rd day of March, 1951; it appears to the satisfaction of the Court, and the Court finds, that notice of the hearing on said petition has been regularly given in accordance with the provisions of Section 1200 of the Probate Code; and the Court having heard the evidence, it appearing therefrom that the allegations in the petition are true and that at the time of decedent's death, Nellie May Hartman, the surviving widow, was a member of decedent's family, and it having been duly made to appear to the Court that no homestead had been selected during the lifetime of the decedent, and it further appearing the property hereinafter described was owned, as to an undivided one-third interest, by Nellie May Hartman, the surviving widow of decedent, as her separate property, and as to the remaining two-thirds interest by decedent, as his separate property, and that said real property should be set aside to the surviving widow.

"IT IS HEREBY ORDERED that the land described as follows, to wit: [description omitted] . . . be and the same is hereby set apart to NELLIE MAY HARTMAN, the widow of decedent, as a homestead for the use of Nellie May Hartman, and that said real property so set aside shall vest absolutely in and belong to her."

On February 3, 1952, Nellie May Hartman died leaving a will in which she sought to devise the real property to her daughter, Maude H. McLaren. On September 7, 1954, petitioner herein, Treasure Alice Arens, the daughter of decedent Chauncey L. Hartman, noticed a motion to vacate the order of April 18, 1951, setting apart the probate home-

stead absolutely to Nellie May Hartman, on the grounds that the relief granted was in excess of that prayed for (see *Burtnett* v. *King*, 33 Cal.2d 805 [205 P.2d 657, 12 A.L.R.2d 333]) and that under Probate Code, section 661, the court acted in excess of its jurisdiction in setting apart the probate homestead to Nellie May Hartman absolutely instead of for life. After a hearing the court on September 23, 1954, denied the motion on the grounds that ''it appears from the record that since no requests for notice were filed, the notice as given was legally adequate'' and that ''petitioners' remedy was a timely appeal from the Order made.'' Petitioner seeks a writ of certiorari to review the order denying the motion to vacate the order setting apart the probate homestead.

▇ The order setting aside the probate homestead was an appealable order and became final when the time for appeal expired (Prob. Code, § 1240) whether or not it was in excess of the jurisdiction of the court. (*Phelan* v. *Superior Court*, 35 Cal.2d 363, 366 [217 P.2d 951].) ▇ Certiorari does not lie to review that order, for the writ can issue only when ''there is no appeal.'' (Code Civ. Proc., § 1068.) ▇ Nor can this rule be avoided by means of a motion to vacate the order. Although the order denying the motion to vacate is not appealable (*Kramer* v. *Superior Court*, 36 Cal.2d 159, 161 [222 P.2d 874]), review of that order would require a review of the order to be vacated, and the appealability of the latter prevents a review thereof by certiorari.

▇ Petitioner contends, however, that she could not appeal from the order setting apart the probate homestead because she received no notice of the petition filed by Charles R. McLaren or of the order made pursuant thereto, and that therefore certiorari is an available remedy. (See *Grinbaum* v. *Superior Court*, 192 Cal. 528, 556 [221 P. 635].) It is immaterial that petitioner received no actual notice of the petition or of the court's order. Section 1200 of the Probate Code, which prescribes the form of notice to be given upon a petition to set apart a probate homestead, does not require actual notice. It provides, however, for special notice to be given to persons requesting it at their post office address given in the request for special notice. Petitioner made no such request. Section 1200 also provides: ''Proof of the giving of notice must be made at the hearing; and if it appears to the satisfaction of the court that said notice has been regularly given, the court shall so find in its order, and such order, when it becomes final, shall be conclusive

on all persons.'' Since the order of April 18, 1951, quoted above, shows that the foregoing conditions were met, the order is ''conclusive on all persons.'' Since no such statutory provision was involved in *Grinbaum* v. *Superior Court, supra,* and since the record therein affirmatively showed that the required notice was not given, an exception to the rule prescribed by section 1068 of the Code of Civil Procedure cannot be made under the authority of that case.

Since it is clear that certiorari does not lie, we do not reach the question whether or not the order of April 18, 1951, was in excess of the court's jurisdiction.

The proceeding is dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Spence, J., concurred.

SCHAUER, J.—I dissent. In my opinion the trial court was without power to grant relief which exceeded that authorized by statute (Prob. Code, § 661), requested in the petition for order to set apart probate homestead, and designated in the notice of hearing on the petition as the relief sought. Furthermore, it is my opinion that the writ of certiorari should be available to Treasure Alice Arens for the reason that she lost her right to appeal from the order setting aside the homestead without fault on her part because she had no actual notice of the making of such order, and even if she had received actual notice she would have had no reason to anticipate that she should appear to oppose the granting of relief in excess of that prayed for and statutorily authorized.

The real property in question was acquired by decedent Chauncey L. Hartman by purchase prior to his marriage to Nellie May Hartman; from this it would appear to have been wholly his separate property. However, the order which purports to set it aside absolutely to Nellie May Hartman states that it appears that such property ''was owned, as to an undivided one-third interest, by Nellie May Hartman, the surviving widow of decedent, as her separate property, and as to the remaining two-thirds interest by decedent, as his separate property.'' This language substantially follows language of the petition for an order to set apart a homestead. It is apparently based upon a will of decedent which was filed with a petition for letters of administration but was not probated because proof of the signatures of the sub-

scribing witnesses could not be obtained. The will stated that Chauncey L. Hartman and Nellie May Hartman had mutually agreed that he owned a two-thirds interest in the realty as his separate property and she owned a one-third interest as her separate property; it purported to devise decedent's two-thirds interest to Nellie May for life with remainder to decedent's two children, Treasure Alice and Donald.

The petition for order setting apart a probate homestead prays that the order set apart the property to Nellie May Hartman "for her lifetime." In the notice of hearing the relief prayed for is not stated but the "petition is hereby referred to for further particulars." The order finds "that notice of the hearing *on said petition* has been regularly given" (italics added). Yet the superior court proceeded to order that the real property "shall vest absolutely in and belong to" Nellie May Hartman.

Whether the decedent owned the entire fee in the real property or a two-thirds interest as his separate property, the probate court was authorized by statute to set it aside only for a limited period not exceeding the lifetime of the widow. Section 661 of the Probate Code provides, in material part, that the court must select a homestead "out of the community property or out of real property owned in common by the decedent and the person or persons entitled to have the homestead set apart, or if there be no community property and no such property owned in common, then out of the separate property of the decedent. If the property set apart is the separate property of the decedent, the court can set it apart only for a limited period, to be designated in the order, and in no case beyond the lifetime of the surviving spouse. . . ." Under this section the separate property interest of a decedent, whether it be the entire ownership of the property or an interest in common with the survivor entitled to the homestead, can be set apart for a limited time only. (*Estate of Maxwell* (1935), 7 Cal.App.2d 641, 642 [46 P.2d 777].)

It has been stated and held that an order setting aside absolutely a probate homestead to a widow from separate property of the deceased husband, although erroneous, is not void. (*Estate of Bette* (1915), 171 Cal. 583, 585-586 [153 P. 949]; *Estate of Huelsman* (1899), 127 Cal. 275, 276 [59 P. 776]; *In re Moore* (1892), 96 Cal. 522, 531 [31 P. 584]; *Fergodo* v. *Donohue* (1919), 40 Cal.App. 670, 671 [181 P. 819]; see also *Estate of Burns* (1880), 54 Cal. 223, 227-228;

*Rountree* v. *Montague* (1916), 30 Cal.App. 170, 176-178 [157 P. 623].) The foregoing cases, however, did not concern an attack by certiorari upon the order setting apart the homestead, nor did they concern the effect of an order which granted relief in excess of that prayed for in the petition and designated in the notice as the relief which would be sought.

For the purpose of determining the right to review by certiorari, action contrary to that authorized by statute (here, the granting of relief in excess of that authorized by Prob. Code, § 661) is action in excess of jurisdiction. (See, e.g., *Burtnett* v. *King* (1949), 33 Cal.2d 805, 807 [205 P.2d 656, 12 A.L.R.2d 333]; *Abelleira* v. *District Court of Appeal* (1941), 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715]; *Rodman* v. *Superior Court* (1939), 13 Cal.2d 262, 270 [89 P.2d 109].) Furthermore, in a proceeding instituted in the probate court by statutorily authorized posted notice, where interested persons have no actual notice, policy should demand that the relief granted *cannot* exceed that which, according to the notice, will be sought. Such policy is analogous to that which underlies the rule that in civil default actions a decree which grants relief in excess of that prayed for exceeds the court's jurisdiction and is void. (*Burtnett* v. *King* (1949), *supra,* 33 Cal.2d 805, 808.)

I agree with petitioner's contention that, despite the theoretical availability of the remedy of appeal, certiorari should be available because without any fault on her part she had no actual knowledge of the proceeding to set apart the homestead and therefore could not appeal. (*Grinbaum* v. *Superior Court* (1923), 192 Cal. 528, 556 [221 P. 635]; see also *Lee* v. *Small Claims Court* (1939), 34 Cal.App.2d 1, 4 [92 P.2d 937], and cases there cited [the statute which resulted in a situation where the time for appeal from the judgment of the small claims court might well expire without defendant having notice of entry of judgment against him has been since amended (Code Civ. Proc., § 117j; Am. Stats, 1951, ch. 1143, p. 2912, § 1; Stats. 1951, ch. 1737, p. 4087, § 20; Stats. 1955, ch. 566, § 1)].)

For the foregoing reasons, I would annul the order of April 18, 1951, which sets apart the homestead absolutely.