[No. 8730.   Department Two. — May 29, 1885.]

HENRY MYERS, RESPONDENT, *v.* O. REINSTEIN ET AL., EXECUTORS, ETC., OF MARCUS REINSTEIN, DECEASED, ET AL., APPELLANTS.

RESULTING TRUST — ACTION TO ENFORCE — EVIDENCE — ESTATE OF DECEDENT. — An action to enforce a resulting trust against the personal representatives of a deceased trustee is not founded upon a claim or demand against the estate of the deceased, within the meaning of section 1880 of the Code of Civil Procedure. In such an action, the original *cestui que trust* may testify to facts occurring prior to the death of the trustee.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. B. Reinstein,* and *J. P. Phelan,* for Appellants.

*Horace Hawes,* for Respondent.

THORNTON, J. — This action was brought to establish a result-ing trust in a parcel of land claimed to have been purchased by S. H. Collins and M. Reinstein — the latter, testator of defendants O. Reinstein and A. Vaenberg — when partners, and paid for with partnership funds. The parcel had been conveyed to M. Reinstein. The action was brought by plaintiff as the assignee of Collins. Judgment passed for plaintiff. Defendants moved for a new trial, which was denied, and they prosecute this appeal from the judgment and order denying the new trial.

Collins, as stated above, the assignor of plaintiff and the part-ner of M. Reinstein, who had departed this life before the com-mencement of this action, was called as a witness and sworn. He had testified that he was the person named as S. H. Collins in the complaint; that he resided in San Francisco, and had business transactions with M. Reinstein in his lifetime. When this question was put to him by plaintiff's counsel, "what transactions did you have with him?" at this point an objection was made by counsel for defendants, as follows: —

"Defendant objected to any testimony on the part of the wit-ness Collins as to such transactions with said Marcus Reinstein, against the executors of said Marcus Reinstein, on the ground that the evidence is incompetent, irrelevant, and immaterial, and specially excluded by section 1880 of the Code of Civil Procedure of the State of California; it appearing from the amended complaint herein, and not denied in the answer, that said Collins is the plaintiff's immediate assignor of the premises in controversy, and the said Marcus Reinstein died before the filing of the complaint herein."

The objection was soon afterwards renewed, substantially, by defendants, as to any testimony of the witness relative to trans-actions had with Reinstein prior to his death. The objection was overruled. The witness testified fully in relation to trans-actions of the character referred to in the objection. An exception was reserved by defendants, and the ruling is now urged as error.

We think the objection was so taken as to raise the question of the competency of Collins to testify as to any transaction occurring before M. Reinstein's death. Collins was not a wholly incompetent witness; his incompetency, if any, was a qualified one. He was at any rate competent to testify to any matter relevant to the issues in the cause, occurring subsequently to Reinstein's decease, and in fact some of his testimony was of this character. The objection referred to section 1880 of the Code of Civil Procedure, as rendering him incompetent to testify to the matters covered by the objection. We think this reference, with the other portions of the objection, sufficiently informed the court and the defendants that the objection was to the competency of Collins to the matters specifically referred to by counsel for defendants. The points presented in the form of words adopted by defendants' counsel in stating his objection, was beyond an objection that the testimony of the witness was incompetent, immaterial, and irrelevant. The court below so understood it, and we think it understood it properly. The objection was properly taken *in limine,* before the witness had given any testimony which was within the objection.

· The question remains for determination, was Collins a competent witness as to the transactions objected to? If he was not, the court committed an error affecting materially the interests of defendants. If he was competent, there was no error. The objection is based on section 1880 of the Code of Civil Procedure. That section, so far as relates to the question before us, is as follows:—

"The following persons cannot be witnesses: . . . . (3) Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

We are of opinion that the witness was competent. The action was not on a claim or demand against the estate of Reinstein. The plaintiff asserted that the interest in the land sued for constituted no part of M. Reinstein's estate, but was held in trust by Reinstein for Collins or his assigns, and after his death, by the defendants, his devisees, and successors. The defendants

asserted that no such trust existed, but that Reinstein, their devisor, held the lands as his own estate, and that they had succeeded to his right. The very question to be determined here was whether the interest sought to be recovered was a part of Reinstein's estate or not. If it was a part of his estate, then no trust existed; if the trust existed, he held it in trust in his lifetime, and the interest passed to his successors to the legal title, clothed with the trust. To hold that the claim or demand here attempted to be enforced was a part of the estate, and thus render the witness incompetent, would be to determine in advance the very question to be determined on the trial of the action. By so holding we would assume the very question to be tried and settled by the contestation between the parties. This we are not allowed to do. It may be admitted, though we are not now willing to concede it, that it would be, as an abstract question, unjust that Collins should be allowed to testify in the cause while Reinstein's lips are sealed by death. But this was a question for the consideration of the legislature, to be settled by it, and it has not, as we construe the language used by it in framing the section invoked, thought proper to go so far as to apply the rule prescribed by the section to all actions brought against an executor or administrator. The section of the statute in New York is much broader in its language (§ 399 of the New York Code of Procedure; see Voorhies' Code, ed. 1870, p. 626) than that of this State. Our attention has been called to no act or case construing it in any other State where the form of words used in the statute is the same as that adopted in section 1880 of the Code of Civil Procedure.

We have looked into the cases of *Fallon* v. *Butler*, 21 Cal. 24, and *Estate of McCausland*, 52 Cal. 568, cited by counsel, but they throw little if any light upon the question herein discussed. We refer to them to show that they were not overlooked in considering this case. The evidence of Collins was neither incompetent, irrelevant, nor immaterial, and the testimony in the case was of a character sufficient to establish the trust as claimed by plaintiff.

It follows that the judgment and order must be affirmed; and it is so ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.