[Civ. No. 1325. First Appellate District.—February 6, 1914.]

ELIZABETH CONGER PRATT, a Widow, as Distributee of the Estate of H. W. Conger, Deceased, Appellant, v. F. M. PHELPS et al., Respondents.

PROMISSORY NOTE—ACTION TO RECOVER BALANCE—CONFLICTING EVIDENCE—REVIEW ON APPEAL.—Where the evidence, in an action to recover an alleged unpaid balance on a promissory note, is conflicting, the plaintiff's evidence showing that she was in possession of the note and the defendants' testimony showing that they had paid the balance by an assignment of mining stock to the payee, a decision by the trial court in favor of the defendants will not be disturbed on appeal.

ID.—EVIDENCE—LETTER—CARBON COPY—FOUNDATION FOR ADMISSION.—In such case a ruling by the trial court, based upon one of two possible constructions of the evidence, that a letter written by the payee of the note was in reply to a letter written by one of the defendants, and therefore that an alleged carbon copy of the defendant's letter was admissible in evidence, will not be disturbed on appeal.

ID.—SECONDARY EVIDENCE—CONTENTS OF LOST LETTER.—If a letter, claimed to have been written by one of the defendants to the payee of such note, is shown to have been lost, it is proper to admit evidence of its contents.

ID.—WEIGHT OF EVIDENCE—CONSIDERATION ON APPEAL.—Primarily the weight of the evidence in every case is a matter for the consideration of the trial court, and ordinarily cannot be considered upon appeal.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

F. W. von Schrader, for Appellant.

Edward R. Eliassen, for Respondents.

LENNON, P. J.—On January 2, 1908, the defendants and respondents herein, T. M. Phelps and W. H. Collins, executed their promissory note in the sum of one thousand two hundred dollars to one H. W. Conger.   On the death of Conger this action was commenced upon the note by the administrator of his estate, to recover an alleged unpaid balance of principal and interest aggregating the sum of six hundred dollars.   Subsequent to the distribution of Conger's estate Elizabeth Conger Pratt, the sole distributee, was substituted as plaintiff in the action, and thereafter, upon a trial, a judgment was entered in favor of the defendants, from which and from an order denying a new trial plaintiff has appealed.

The defendants by their answer did not deny the execution of the note, but as a defense pleaded that the balance alleged to be due and unpaid thereon had been fully paid by the assignment and delivery to the deceased during his lifetime of certain shares of mining stock, which it was alleged were received and accepted by the deceased under an agreement with the defendants as payment in full of the note in suit. The plaintiff rested her case upon the proof of her possession of the note and a certified copy of a decree made in Conger's estate, distributing the note to her.   The defendants produced evidence, oral and documentary, which tended to prove that, in keeping with the agreement of the parties, the note had been paid in full by the defendants' assignment and delivery to Conger and the acceptance by him of thirty thousand five hundred shares of the corporate capital stock of the Encinal Mining Company.   This evidence was in a measure contradicted, but not wholly overcome, by evidence in rebuttal offered and received upon behalf of the plaintiff.   The trial court made its findings of fact in keeping with the pleadings

and proof of the defendants; and it is now contended that the evidence neither warrants nor supports the findings as made.

This contention, in the presence of a substantial conflict in the evidence, cannot be considered. It would serve no useful purpose to detail the testimony received upon the trial, and then with the same detail point out the conflict existing therein. It will suffice to say generally that the testimony adduced on behalf of the defendants, if believed by the trial court, was sufficient to overcome the presumption of nonpayment resulting from the plaintiff's possession of the note; and therefore such testimony sufficiently supports the finding that the note was in fact paid in the manner and by the means pleaded in the answer of the defendants. Much, if not all, of the argument of counsel for the plaintiff upon this phase of the case is devoted to a discussion of the weight of the evidence. Primarily the weight of the evidence in every case is a matter for the consideration of the trial court, and ordinarily cannot be considered upon appeal. It may be that if the evidence of the defendants in the present case had been rejected as unworthy of credence by the trial court, the proof adduced on behalf of the plaintiff would have supported a finding in her favor. However that may be, it is apparent that the trial court gave full credence to the evidence adduced on behalf of the defendants. This it had the right to do; and having rested its decision of a question of fact upon evidence which is in substantial conflict the decision will not be disturbed upon appeal.

Complaint is made of a ruling of the trial court permitting in evidence, over the objection of the plaintiff, a carbon copy of a letter claimed to have been mailed to the deceased by the defendant Phelps. It was objected at the trial, and it is insisted here, that there was no foundation for the evidence in this, that it was not shown that the original letter had been received by the deceased and acted upon by him during his lifetime. The carbon copy of the letter in question was admitted upon condition that the foundation for its introduction in evidence would be subsequently laid. This the defendants did to the satisfaction of the trial court by introducing in evidence a letter, shown to have been written by the deceased and mailed to the defendant Phelps, which *prima facie* purported to be in reply to the original of the

carbon copy letter previously admitted in evidence. While the evidence at this point creates a doubt in our minds as to whether or not the letter from the deceased was intended as a reply to the original of the carbon copy letter, or as a reply to a previous letter from the same defendant, nevertheless the trial court resolved that question in favor of the defendants; and as the ruling was based upon one of two possible constructions of the evidence, we are neither prepared nor permitted to say that such ruling was erroneous.

There was no error in permitting the defendant Phelps to testify to the contents of a letter claimed to have been written to him by the deceased concerning the transaction in suit. The letter in question was shown to have been lost, and therefore secondary evidence of its contents was admissible. (Code Civ. Proc., sec. 1855.)

This disposes of all of the points presented in support of the appeal.

The judgment and order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.