[Civ. No. 13739. Second Dist., Div. One. Dec. 16, 1942.]

HOMER C. HUMES, Respondent, v. IDA MAY HUMES, Individually and as Executrix, etc., et al., Appellants.

Laurence B. Martin and Samuel Reisman for Appellants.

Charles Greenberg, A. Stewart Maddox, Jr., and Allen M. Williams for Respondent.

YORK, P. J.—This is an appeal from a judgment in an action to enforce a trust in real property brought by respondent Homer C. Humes, a son of James Humes, deceased. Appellants, who are the widow, son, two grandsons, a granddaughter and a great-grandson of decedent, urge that the trial court committed error in the following particulars:

1. In overruling their general demurrer to the amended complaint and their objection to the introduction of any evidence, because said amended complaint violated the equi-

table maxim that "He who seeks equity must do equity," and therefore failed to state a cause of action for equitable relief;

2. In permitting respondent to testify in support of his alleged cause of action in violation of subdivision 3, of section 1880 of the Code of Civil Procedure;

3. In receiving into evidence Plaintiff's Exhibit No. 2, which was a carbon copy of a document denominated "General Summary."

The factual situation underlying the instant litigation is briefly as follows: On or about February 26, 1925, respondent Homer C. Humes acquired title to an undivided two-thirds interest in real property located at the southeast corner of Alta Vista and Beverly Boulevards in the city of Los Angeles, at which time the remaining one-third interest thereof was owned by Frank B. Harris and his wife. On March 18, 1927, James Humes, the father of respondent, purchased from Harris and wife their one-third interest in said property with the result that the legal title thereto then stood in the name of respondent as to a two-thirds interest and in the name of his father as to the remaining one-third interest. On September 1, 1927, respondent and his then wife conveyed the two-thirds interest in the said property to respondent's father James Humes, who, on November 19, 1927, executed a declaration of trust acknowledging receipt from his son and wife of a grant deed conveying said two-thirds interest in said real property to him, and providing for the application of a portion of the contemplated rental from the said property to the liquidation of obligations owing by the son to the father, as well as reconveyance of the son's two-thirds interest by the father upon full payment of such obligations by the son.

The ninth paragraph of said declaration of trust provided that "If full payment of all the aforesaid obligations chargeable to said two-thirds interest is not made within seven (7) years from date, the undersigned shall have the option and right to foreclose in Court the same as a mortgage is foreclosed." Said document was accepted in writing by respondent, Homer C. Humes.

As pointed out by appellants, the right to foreclose given by this document accrued to the father on November 20, 1934, and could have been exercised at any time within the following four years, or until November 20, 1938. However,

the father died on January 14, 1938, without having exercised this right of foreclosure, and his widow, appellant Ida May Humes, (respondent's stepmother) was appointed executrix of his last will which contained the following clause:

"Third: I direct that the income from my property located at the corner of Beverly Boulevard and Alta Vista and particularly described as follows . . . be used for the payment of the above indebtedness against the property located at 2835 West Eighth Street, above described, for payment of expenses of last illness, funeral expenses, family allowance . . . and any or all other proper charges against the said estate. I further direct that after the period of one year from date hereof, with the consent of the majority of the distributees hereinafter immediately named, said property may be sold and the net proceeds therefrom, after payment of the aforesaid obligations and charges, be distributed in equal shares to the following, to-wit: My son, Freeman Humes; My grandson, Harley Humes; My grandson, Palmer Humes; My granddaughter, Betty Humes, and My great-grandson, Jimmy Lane. . . . ''

On July 26, 1938, respondent filed a creditor's claim in his father's estate setting up his ownership of a two-thirds interest in the real property situate at the southeast corner of Beverly Boulevard and Alta Vista, referred to the declaration of trust of November 19, 1927, and acknowledged a personal indebtedness to his father as of January 1, 1938, in the sum of $3,446.61. Said claim was rejected and disallowed by said executrix, and on August 28, 1939, respondent filed the instant action to enforce a trust in the said real property heretofore referred to.

Appellants' demurrer to the original complaint was sustained, whereupon respondent filed his first amended complaint, alleging the failure and refusal of said executrix to account to him for any of the income received from said property and the failure to apply the income received therefrom pursuant to the terms of the said declaration of trust dated November 19, 1927, and also alleged:

"(1) That the said James Humes, Deceased, during his lifetime held the said two-thirds interest . . . in trust for the uses as set forth in the said declaration of trust, and that the defendant Ida May Humes . . . and the other defendants . . . hold said property subject to all of the terms and conditions of said declaration of trust;

"(2) That when the balance of $6609.58, which said balance constituted plaintiff's proportionate share of the first trust deed indebtedness . . . and the balance of $4679.41, which said balance constituted the personal indebtedness of the plaintiff as a charge upon the rents, issues and profits derived from said real property as of December 31, 1937, have been fully paid, the plaintiff will be entitled to a conveyance from defendants of an undivided two-thirds interest in and to the said real property . . .

"(3) That the plaintiff is entitled to have two-thirds of all payments made upon the principal of the first trust deed indebtedness . . . credited to (his) share of said trust deed indebtedness, and that the plaintiff is further entitled to have two-thirds of the net profits derived from the said real property credited to the balance due upon his said personal indebtedness constituting a charge upon said real property;

"(4) That plaintiff is entitled to an accounting from the defendants of the rents, issues and profits received by said defendants from said real property since the death of the said James Humes."

On April 11, 1940, appellant Ida May Humes, as executrix of the estate of James Humes, deceased, filed her cross-complaint praying for foreclosure and termination of the trust, and on the same day filed her answer and counterclaim to the first amended complaint praying that respondent take nothing by his complaint, and that it be the order and decree of the court that respondent has no right, title or interest in the trust or the corpus thereof, that the same be terminated and that the corpus be distributed according to the terms of the last will of decedent James Humes; that said respondent is indebted to the estate in the sum of $1,150 with interest at 7 per cent from May 26, 1926; in the sum of $1,000 with interest at 7 per cent from November 19, 1927, and in the sum of $4,942.91; also that the said two-thirds interest referred to in the declaration of trust be foreclosed as a mortgage.

The judgment of the trial court, from which this appeal is taken, decrees, among other things, that the right of foreclosure as set forth in the ninth paragraph of the declaration of trust, "had been waived by the said James Humes, Deceased, in his lifetime"; that when the balance due on the trust deed, "as well as the personal indebtedness of the plaintiff . . . to said trust, upon which there was a balance of

$4,679.41 as of December 31, 1937, shall have been paid out of the rents, issues and profits derived from and to be derived from said real property, then the plaintiff . . . will be entitled to a conveyance from the defendants, and each of them, of an undivided two-thirds interest in and to said real property . . . ; that plaintiff . . . is entitled to have two-thirds of the net profits derived from and to be derived from said real property . . . credited to the balance due upon his said personal indebtedness to the trust . . . as well as credited to his share of the first trust deed indebtedness . . . on the said real property . . .; that the plaintiff . . . is entitled to an accounting from the defendants . . . of all of the rents, issues and profits received by . . . them, from the said real property described in said declaration of trust aforementioned since the death of the said James Humes, deceased; and cost of same to be paid by the trust. . . . ''

In connection with their first point, appellants urge that respondent's amended complaint failed to state a cause of action entitling him to equitable relief for the following reasons:

1. Respondent failed to allege therein that, pursuant to section 716 of the Probate Code, he had presented a creditor's claim to the estate of James Humes, deceased, and that same was disallowed;

2. Respondent made no offer to do equity or to pay the money admittedly past due and in default under the terms of the declaration of trust.

While it is true that the amended complaint does not allege the presentation of a creditor's claim by respondent in the administration of his father's estate, respondent testified on cross-examination that such claim was presented and the same disallowed by the executrix, and the trial court so found. However, as was held in the *Estate of Dutard,* 147 Cal. 253, 256 [81 P. 519]: ''It is well settled that one who claims as his own, adversely to an estate, specific property held and claimed by the estate, cannot be called a creditor of the estate within the meaning of the probate law. The decisions are clear and conclusive upon the proposition that where one seeks to recover from the representatives of an estate specific property alleged to have been held in trust by the decedent at the time of his death, he is not seeking payment of a claim from the assets of the estate, is not re-

quired to present a claim as a creditor, and is not 'a creditor of the estate.' His action is not founded upon a claim or demand against the estate. (See *Gunter* v. *Janes,* 9 Cal. 643, 658; *Myers* v. *Reinstein,* 67 Cal. 89 (7 P. 192); *Roach* v. *Caraffa,* 85 Cal. 436, 443 (25 P. 22); *Byrne* v. *McGrath,* 130 Cal. 316 (62 P. 559, 80 Am.St.Rep. 127); *Elizalde* v. *Elizalde,* 137 Cal. 634, 642 (66 P. 369, 70 P. 861).)'' See, also, *Swanson* v. *Siem,* 124 Cal.App. 519, 527 [12 P.2d 1053]; *Newport* v. *Hatton,* 195 Cal. 132, 150 [231 P. 987]; *Back* v. *Farnsworth,* 25 Cal.App.2d 212, 220 [77 P.2d 295].

█ With respect to appellants' point that respondent made no offer to do equity, an examination of the amended complaint reveals that respondent alleged the specific amount of his personal indebtedness and also of his proportionate share of the trust deed indebtedness; alleged that executrix had refused to account to him for the income received from the property held in trust, had failed and refused to apply the income so received pursuant to the terms of the declaration of trust, and asked for an accounting, praying that ''when the charges constituting a lien against the plaintiff's two-thirds interest in the said real property have been fully paid, together with plaintiff's proportionate share of the first trust deed indebtedness . . . it will be the duty of the defendants . . . to convey to plaintiff an undivided two-thirds interest in and to the said real property.''

These allegations were sufficient to constitute an offer to do equity, since the conveyance to respondent of said trust property is made contingent upon the full payment of his indebtedness, as set forth in the declaration of trust, and the judgment herein so directs.

█ Subdivision 3, of section 1880 of the Code of Civil Procedure provides that the following persons cannot be witnesses: ''*Actions against estates.* Parties, or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator *upon a claim, or demand* against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person.'' (Emphasis added.)

As heretofore pointed out in the *Estate of Dutard,* 147 Cal. 253, 256 [81 P. 519], an action to enforce a trust is not founded *upon a claim or demand against the estate.* See, also, *Holland* v. *Bank of Italy Nat. T. & S. Assn.,* 115 Cal.

App. 472, 484 [1 P.2d 1031], where it was held that the testimony of respondent was admissible in spite of section 1880 of the Code of Civil Procedure, said section having no application to an action where a trust is sought to be established.

Again, in the recent case of *Porter* v. *Van Denburgh,* 15 Cal.2d 173, 176 [99 P.2d 265], it was stated: "The defendant also contends that the plaintiff's cause of action [to impress a trust on certain personal property and for an accounting] was barred by her failure to file a claim in the estate of A. J. Clark, and that the testimony of the plaintiff relating to the transactions involved was incompetent under the provisions of section 1880, subdivision 3, of the Code of Civil Procedure. These contentions are necessarily predicated upon the assumption that the plaintiff's right is based on a claim against the estate as distinguished from a claim to ownership of the stock. Since the claim is not to any part of the estate but one of ownership, it follows that the defendant's additional argument that the cause of action is barred by the statute of limitations and that the plaintiff was not a competent witness to testify to matters or facts occurring prior to the death of the defendant's intestate cannot be sustained. (*Bollinger* v. *Wright,* 143 Cal. 292 (76 P. 1108) ; *Maguire* v. *Cunningham,* 64 Cal.App. 536 (222 P. 838).)"

In the early case of *Myers* v. *Reinstein,* 67 Cal. 89 [7 P. 192], in ruling on the competency of the *cestui que trust* as a witness to establish the existence of the trust, the trustee being dead, the court said: "To hold that the claim or demand here attempted to be enforced was a part of the estate, and thus render the witness incompetent, would be to determine in advance the very question to be determined on the trial of the action. By so holding we would assume the very question to be tried and settled by the contestation between the parties. This we are not allowed to do."

In view of the above authorities, there was no error on the part of the trial court in permitting respondent to testify in support of his alleged cause of action.

■ Passing to appellants' final contention that the trial court committed reversible error in receiving into evidence over their objection Plaintiff's Exhibit No. 2, a carbon copy of a document entitled "General Summary," respondent testified on direct examination that he received a statement from his father each year until the year of the latter's death out-

lining the status of their financial transactions, but he was unable to produce these annual statements. However, respondent testified he received from his father a document entitled "General Summary" purporting to be a summary of their transactions beginning with the year 1927 and ending with "accounts as of December 31, 1934"; that this document he received from his father in January of 1935, with the exception of the last page thereof which he received "Around March 8 (1935) or a little after." It appears from the record that this was a carbon copy of a typewritten document addressed to respondent but unsigned, and was apparently introduced for the purpose of showing the statement therein to the effect that there existed "an accumulated credit to Homer C. Humes of $1,131.54 which by mutual consent can be applied on item 6, $1,000.00, leaving a credit of $131.54 to be carried to 1935 accounting"; the figures covered by said statement having already been stipulated by the parties in open court.

In the California cases of *Edmunds* v. *A. T. & S. F. Ry.*, 174 Cal. 246 [162 P. 1038], and *Pratt* v. *Phelps*, 23 Cal.App. 755 [139 P. 906], the courts have upheld the introduction into evidence of carbon copies of letters over the objection of the adversary party that no sufficient foundation had been laid, it being stated in the last named case that primarily the weight of the evidence in every case is a matter for the consideration of the trial court, and ordinarily cannot be considered upon appeal.

Carbon copies of letters were admitted in evidence in the case of *Massachusetts Bonding & Ins. Co.* v. *State*, (1925) 82 Ind.App. 377 [149 N.E. 377, 384], on the ground that they were duplicate originals, the court saying: "There was no error in admitting in evidence carbon copies of certain letters and other instruments over the objection of appellant, without first building a foundation for such evidence, by accounting for the original or first type. Different numbers or impressions of a writing produced by placing carbon paper between sheets of paper and writing upon the exposed surface are to be regarded as duplicate originals, of which any may be read in evidence without accounting for the others."

Again in *Chanute Window Glass Co.* v. *Pierce*, (1912) 87 Kan. 548 [125 P. 108, 109], the court said: "A carbon impression of a letter written on a typewriter, made with the same stroke of the keys as the companion impression, is an

original. It is not material which one is mailed and which one retained by the writer, and either one may be offered as primary evidence of the contents of the letter.''

In view of respondent's testimony that the ''General Summary'' was handed to him by his father, and that he, himself, had no part in its preparation, its introduction into evidence for a limited purpose does not constitute reversible error.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.