[Civ. No. 12589.   First Dist., Div. One.   Apr. 25, 1944.]

Estate of CEDA SCHELLER, Deceased. MARGARET SIMS, Appellant, v. HENRY B. MARTIN, JR., et al., Respondents.

Ernest K. Little for Appellant.

Henry B. Martin, Jr., Vincent H. O'Donnell in pro. per., and Bronson, Bronson & McKinnon for Respondents.

WARD, J.—This is an appeal by a residuary legatee from an order approving certain disbursements in the account of an executrix.

Upon the death of Victor A. Scheller his wife, Ceda, sole devisee under his will, was appointed executrix of his estate. Henry B. Martin, Jr. and Vincent H. O'Donnell acted as attorneys in the probate thereof, their statutory fees amounting to the sum of $2,234.75. The first and final account of the executrix, duly sworn to by her and signed by the above attorneys, presented with a petition for settlement and distribution, contains an item of disbursement under March 30, 1940 as follows: "Attorney's fee, allowed by law, and computed on the sum of $140,475, as follows: . . . $2,234.75." It also contains the following: "All debts of said decedent and of said estate, and all expenses of administration thus far incurred, and all taxes that have been assessed to or that have accrued against said estate, including city, county and state, have been fully paid, discharged, or otherwise provided for, and said estate . . . is in a condition to be closed." The decree of settlement made thereafter recited that the attorneys were present during the proceedings; that the executrix was examined, and that from oral and documentary evidence in support thereof it was found that the account is true and correct and supported by proper vouchers; that "All of the debts, claims and expenses of the administration of said estate, and all taxes chargeable against said estate, including city, county and state, have been fully paid and discharged, and said estate is now fully administered and ready for distribution and in a condition to be closed." The decree of settlement also contained the following: "Wherefore, it is hereby ordered, adjudged and decreed that the first and final account of said executrix be, and the same is hereby ratified, approved, settled and confirmed, and all of the payments therein stated to have been made by said executrix are, and each of them is, hereby allowed and approved, and each and

all of the acts and things done by said executrix for and on behalf of said estate are hereby ratified, approved and confirmed.''

About eight months after distribution in the matter of the Victor Scheller estate, his wife passed away, and letters testamentary were granted to Margaret Martin Lion in the matter of Mrs. Scheller's estate. Vincent H. O'Donnell appeared as attorney for the executrix.

Among the claims presented, approved, allowed and paid in the matter of Mrs. Scheller's estate, was one by Messrs. Martin (the brother of the executrix herein) and O'Donnell, who had represented Mrs. Scheller in the probate of her husband's estate, in the amount of $2,256.41. The account was made up as follows: $2,234.75 attorneys' fees in the matter of the estate of her predeceased husband; $26.01 costs in the same connection and $1,000 for services rendered Mrs. Scheller subsequent to the distribution of her husband's estate, less $1,004.35 paid by Mrs. Scheller on account. The first account filed by the executrix showed the payment of the above $2,- 256.41 as a deduction. Margaret Sims, one of the residuary legatees excepted to the account alleging that the attorneys' fees and costs in the estate of Victor Scheller had been paid in the course of the administration of his estate as evidenced by the final account of Ceda Scheller, executrix, and the decree of the probate court settling that account. After trial the executrix' petition for settlement was granted, and Margaret Sims' exceptions denied. From this order the latter has appealed. She contends (1) that the presentation of a claim against the estate of Ceda Scheller, deceased, for attorneys' fees in the estate of Victor A. Scheller, deceasd, constitutes a collateral attack upon the order settling and allowing Mrs. Scheller's account as executrix of her husband's estate; (2) that the attorney for the executor or administrator is now recognized as ''a party in interest'' in the estate with the right of appeal from an order adversely affecting his interest; (3) that O'Donnell, claimant herein, was not a competent witness as to any matter occurring during the lifetime of Ceda Scheller.

Appellant's first contention is that the decree of distribution is a conclusive determination that the attorneys' fees had been paid; that to permit respondents to recover in this action is to attack collaterally the decree of distribution

in the husband's estate. It is true that a decree of distribution is not subject to collateral attack (Prob. Code, § 931), but can it be said that the attorneys' claim for fees in Mrs. Scheller's estate is a collateral attack upon the decree of distribution in her husband's estate? When the attorneys filed a final account in the Victor Scheller estate which recited that attorneys' fees had been paid, they waived any right to recover their fees from that estate. However, such recital and the provisions of the decree to the same effect would not prevent Mrs. Scheller from assuming the fees as a personal obligation which would be enforceable against her estate. The decree established only that as to the estate of Victor Scheller the attorneys' claim for fees had been satisfied and discharged. The attorneys may recover their fees from her estate without in any way attacking the decree of distribution in her husband's estate.

Appellant's second contention involves the same fallacy as the first. That is, it is argued that respondents' sole remedy was by way of appeal from the decree settling the final account in the Victor Scheller estate. This contention like the first would be true if respondents were attempting to have their fees paid from the assets of the Victor Scheller estate. But the evidence establishes that Mrs. Scheller undertook to pay the fees, so that the attorneys would have had no reason to complain of the decree of distribution in her husband's estate. They were no longer looking to the estate for payment, but to Mrs. Scheller personally.

The contention that Code of Civil Procedure, section 1880, subdivision 3 is applicable is not well founded. The subdivision provides: "Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person," may not testify as witnesses. The testimony does not come within the literal terms of the statute. The action is not against the executrix but is a protest against a claim allowed by the executrix. A strict construction has been applied to the provisions of subdivision 3. (*Sedgwick* v. *Sedgwick*, 52 Cal. 336; *Humes* v. *Humes*, 56 Cal. App.2d 126 [133 P.2d 39]; *Jones* v. *Clark*, 19 Cal.2d 156 [119 P.2d 731]; *Roy* v. *Salisbury*, 21 Cal.2d 176 [130 P.2d 706]; *Silva* v. *Dias*, 46 Cal.App.2d 662 [116 P.2d 496].)

■ Attorneys Martin and O'Donnell filed a claim for $2,256.41, as stated, in the estate of Ceda Scheller. The claim set forth that it consisted of an unpaid balance of $1,256.41 for fees and costs advanced in the probate of the Victor Scheller estate, plus $1,000 charged for services rendered in the settlement of federal estate tax claims against Ceda Scheller arising out of the receipt by her of all of the distributable estate of Victor Scheller. It further set forth that $1,004.35 had been paid by Mrs. Scheller and credited against the probate fees and costs. O'Donnell testified on the trial herein that the only payment made in the matter of the fees was the sum of $1,000. Appellant relies upon the provisions of the accounting and decree only as establishing payment. She offered no other evidence to show payment in fact. We have held above that the decree is not a conclusive determination that respondents are without right to recover from the estate of Mrs. Scheller. The trial court was entitled to believe the testimony of O'Donnell that the fees had not been paid.

Respondents, apparently through oversight, did not testify expressly that Mrs. Scheller had personally agreed to pay their attorneys' fees, but O'Donnell did testify that Mrs. Scheller had no representative account; that she took all cash proceeds from the estate of Victor Scheller and deposited them to her own personal account, from which she paid the debts and expenses of administration. From this it can reasonably be inferred that it was understood that the attorneys' fees, which O'Donnell testified were unpaid, were to be paid by her personally. This inference is supported by the fact that Mrs. Scheller gave O'Donnell an individual check for $1,000 which he credited on the fees owing in the Victor Scheller estate.

■ Furthermore, the claim of respondents for attorneys' fees was allowed by the executor and approved by the court and thereby became an "acknowledged" debt of the estate. (Prob. Code, § 713.) A claim approved by the court is prima facie correct and the burden of proving its invalidity rests upon the contestant. (*Estate of Roberts,* 49 Cal.App.2d 71 [120 P.2d 933]; *Bryant* v. *Superior Court,* 16 Cal.App.2d 556 [61 P.2d 483]; *Shiels* v. *Nathan,* 12 Cal.App. 604 [108 P. 34].) Since appellant did not offer proof that Mrs. Scheller had not personally assumed the claim, its prima facie validity

was not rebutted. She did not meet the burden of proof cast upon her, a contestant of an approved claim. The trial court had no alternative but to deny her contest.

The order appealed from is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 22, 1944.