[Civ. No. 15163. Second Dist., Div. One. July 11, 1946.]

Estate of HERMAN ADOLF THEE, Deceased. LLOYD HERMAN THEE, Petitioner and Appellant, v. ALICE THEE RICHARDSON, Contestant and Appellant.

John J. Dillon for Petitioner and Appellant.

Arthur C. Fisher for Contestant and Appellant.

WHITE, J.—By his will the decedent herein left his entire estate, with the exception of an oil royalty, to three children, Alice Thee Richardson, contestant (hereinafter referred to as appellant), Earl J. Thee and Lloyd H. Thee, in equal shares. Lloyd H. Thee was appointed executor. Lloyd H. Thee and Earl J. Thee each filed a claim against the estate for personal services rendered during the lifetime of the decedent in the sum of $1,000. Another daughter, Hulda Thee Wopschall, filed a claim for $500, likewise for personal services rendered during the lifetime of decedent. Said claims were allowed by the executor and approved by the court. Upon the filing of the executor's first and final account, appellant presented objections to the claims upon the grounds that they were based upon false allegations; that the personal services therein set forth were never rendered; and that decedent never agreed to pay for such services. After a hearing, the objections were overruled. From that portion of the order settling the executor's account which approved the payment of the claims this appeal is prosecuted.

Respondent, Lloyd H. Thee, in his capacity as executor, filed a notice of appeal from "the denial of the executor's motion to strike the motion for a new trial from the files," but such appeal has been abandoned.

Appellant's sole ground for a reversal of the judgment is that the claimants being related to the decedent by close ties of blood, the presumption that where one accepts services from another and receives the benefit of the work there is an implied promise to pay the reasonable value of such services was not available to them. (*Collier* v. *Landram*, 67 Cal.App. 2d 752, 757 [155 P.2d 652]; *Newbert* v. *McCarthy*, 190 Cal. 723, 725 [214 P. 442].) However, the cases just cited involved actions to establish the validity of claims which had been rejected by the executor and were not approved by the court. Obviously, in such an action the burden rested upon the claimants to establish the validity of the claims by a preponderance of the evidence. In the case at bar, however, the challenged claims were allowed by the executor and after a hearing thereon, a transcript of which hearing is now before us, were by the court ordered paid out of the assets of the estate in the course of administration.

■ When a claim is allowed by the executor and approved by the court, it thereby becomes an "acknowledged" debt of the estate, to be paid in due course of administration. (Prob. Code, § 713.) And when a claim has been approved by the court, as in the instant case, such approval is prima facie evidence of its correctness and the burden of proving its invalidity rests upon the contestant. (*Estate of Scheller*, 64 Cal.App.2d 65 [148 P.2d 393].) ■ Conceding the correctness of appellant's contention that where, as here, the parties are closely related by blood, the preceding presumption of an implied promise to pay the reasonable value of services rendered may not be indulged, nevertheless there is in the record ample evidence adduced at the hearing before the court when the claims were approved, that it was expected and understood by both the testator and the claimants that compensation should be made by the former to the latter for the services rendered. The claimants therefore met the burden imposed upon them and by substantial evidence established an express promise upon the part of the decedent to pay for the services performed. This was all that was required of them. (*Newbert* v. *McCarthy, supra,* 725; *Collier* v. *Landram, supra,* 757.)

At the hearing on the objections to the first and final account, the evidence presented by appellant was through another sister, Martha Wopschall, who testified that decedent said that he paid the claimant Hulda Wopschall, but that she did not know what services, if any, the claimant Earl J. Thee had rendered. She testified to a conversation with claimant Lloyd H. Thee at the time of the hearing on the petition for probate of the will, in which the witness said to Mr. Thee, "Don't you think you are asking a lot, $1,000, for your services to Dad?" to which he replied, "I can't see why." Amplifying this conversation, the witness testified that Lloyd H. Thee said, "Earl and I are both going to put in the sum of $1,000 for Earl having a doctor bill and I for the different things I have done." The witness said, "Lloyd, don't you think that is a little bit high? We are willing that you should be paid, but I think you are high." To this Lloyd Thee replied, "That is what it is." Whatever intrinsic value be accorded this evidence, it at the most served only to raise a factual conflict which the court by its decision resolved against appellant.

After presenting the foregoing evidence, counsel for appel-

lant asked for a continuance for the purpose of securing bank statements to show alleged payments by the decedent. This the court denied. After some discussion, counsel for appellant chose to rest his case. Appellant does not now contend that the court abused its discretion in denying the continuance, and the record contains no showing that would support such a claim.

The claimants having met the burden cast upon them by reason of their relationship with the testator, and appellant having failed to meet the burden of proof resting upon her, a contestant of an approved claim, the decision arrived at by the probate court cannot be disturbed.

The appeal of Lloyd Herman Thee as executor from the order denying his motion to "strike the motion for a new trial from the files" is dismissed. The order and portions thereof from which this appeal was taken by contestant, Alice Thee Richardson, are and each is, affirmed.

York, P. J., and Doran, J., concurred.