[Civ. No. 14880. First Dist., Div. One. Oct. 18, 1951.]

Estate of JAMES MICHAEL COLE, Deceased. JOHN W. MORRISON et al., Appellants, v. IRENE MURPHY, Respondent.

Mueller & McLeod and Carroll F. Jacoby for Appellants.

Henry F. Boyen, Douglas M. Moore, Frank J. Fontes and John D. Costello for Respondent.

PETERS, P. J.—The heirs of the decedent appeal from an order of the probate court allowing the claim of respondent as a creditor of the estate of Cole. The basis of the appeal is that the claim, as filed, does not comply with the provisions of section 705 of the Probate Code. We are of the opinion that the order appealed from is not an appealable order, and, for that reason, the appeal must be dismissed.

The respondent, Irene Murphy, filed a claim against the estate for $1,770, the claimed value of services alleged to have been rendered to decedent by the claimant at decedent's request. The claim was first rejected by the administrator, but later he withdrew his objections, and approved the claim. The probate court thereupon approved the claim by an order which reads as follows:

"It appearing to the Court that, through inadvertence, the claim of IRENE MURPHY for $1770.00, against the estate of the above named decedent, was rejected; that said claim is a valid and legal claim against the estate of the said decedent, all of which more fully appears in said claim on file herein, and the evidence heretofore introduced in this court; and

notice of rejection of said claim having been withdrawn by said administrator, and said administrator having approved said claim in the full amount; and good cause appearing therefor,—

"It Is Hereby Ordered that the claim of Irene Murphy for $1770.00 is hereby allowed for the full amount, to be paid in the due course of administration.

"Done in Open Court this 20th day of October, 1950.

T. I. Fitzpatrick

Judge of the Superior Court."

The heirs at law purport to appeal from that order. █ In probate cases, with certain limited exceptions not here applicable, only those orders specified in section 1240 of the Probate Code are appealable. (*Estate of O'Dea,* 15 Cal.2d 637, 638 [104 P.2d 368]; *Estate of Herrington,* 79 Cal.App.2d 389, 390 [179 P.2d 650].) That section, so far as pertinent here, provides: "An appeal may be taken to the supreme court from an order . . . ; directing or allowing the payment of a debt, claim, legacy or attorney's fee; . . ."

█ It will be noted that this section allows an appeal from an order "directing or allowing the *payment*" of a debt or claim. It does not authorize an appeal from an order merely allowing or approving the claim. This rule was stated as follows in *Miller* v. *California Trust Co.,* 15 Cal.App.2d 612, 616 [59 P.2d 1035]: "As appellant points out, section 1240 of the Probate Code, treating of 'Appealable Orders' includes as such, an order 'directing or allowing the payment of a debt, claim, legacy or attorney's fees.' But we note a distinction between an order *directing payment or allowing payment of* a claim and an order of the court merely *approving* or *'allowing'* the claim. We believe that the order which is appealable under this section is an order directing or allowing *payment* of a claim which has already been 'allowed.'" (Italics by the court.) This case has been recently approved in *Estate of Girard,* 105 Cal.App.2d 102, 103 [233 P.2d 56]. (See, also, 2 McBain, California Trial and Appellate Practice, p. 282, § 960.)

█ The order here appealed from is merely an order allowing the claim. Appellant asserts that the order is more than an order allowing the claim, for the reason, so it is urged, that it directs payment of the claim. In this connection appellant points out that the order, after allowing the claim, provides that such claim is "to be paid in the due course of

administration." This quoted provision merely added to the order of allowance what otherwise would have been necessarily implied by reason of the provisions of section 713 of the Probate Code. That section provides: "Every claim allowed by the executor or administrator and *approved* by the judge shall be ranked among the acknowledged debts of the estate, *to be paid in due course of administration*; but the validity thereof may be contested by any person in interest, at any time prior to the settlement of the account of the executor or administrator in which it is first reported as an allowed and approved claim, unless established by a judgment against the executor or administrator. The date of allowance of each claim, together with the amount allowed, must be entered in the register by the clerk after the allowance or approval thereof by the judge." (Italics added.)

This section fixes the status of allowed claims, and it contains the very language of the order appealed from and relied upon by appellants to support their contention that this is not an ordinary order allowing a claim, but one also directing payment. Had the order not contained the language that the allowed claim was "to be paid in the due course of administration," such a direction would have necessarily been implied by virtue of section 713. In other words, the phrase in question merely states the legal effect of a claim allowed by the administrator and approved by the court. At such time it becomes an acknowledged debt of the estate, and should, of course, be ultimately paid. (*Estate of Thee*, 75 Cal.App.2d 308, 310 [171 P.2d 73].) The very purpose of securing the allowance of a claim is to have it paid in due course. But that does not make the order so providing a direction to pay. ▪ The proper and normal time for the court to order the payment of debts is when the approved claim is reported in an account after the time to file or present claims has expired. (Prob. Code, § 952; *Estate of Brown*, 54 Cal.App.2d 575, 580 [129 P.2d 713, 130 P.2d 188].) The appellants are fully protected by their right to appeal from such order.

The appeal is premature. It is from a nonappealable order. For that reason the appeal is dismissed.

Bray, J., and Wood (Fred B.), J., concurred.